## COURT OF APPEALS,

### Jan. 3, 1911.

# THE PEOPLE v. NAPOLEON MONAT.

### (200 N. Y. 308.)

(1.) MURDER—RECORD UPON THE TRIAL OF A DEFENDANT INDICTED FOR MURDER EXAMINED AND EVIDENCE HELD SUFFICIENT TO JUSTIFY CONVICTION.

The record upon the trial of a defendant indicted for the crime of murder, committed in order to rob the deceased, examined, and *held*, that the evidence, consisting of defendant's confessions and proof of independent facts corroborating these confessions, leaves no reasonable doubt that defendant committed the crime with which he is charged. The jury was justified in finding that he was not afflicted with permanent mental iresponsibility and that he was not temporarily rendered incapable of appreciating his act at the time he committed the crime as a result of drugs and intoxicating liquors.

(2.) SAME—INSTRUCTIONS UPON DEGREE OF CRIME EXAMINED AND HELD PROPER.

A contention that the court, by charging the jury only as to the crime of murder in the first and second degrees, prevented the jury from finding the defendant guilty of an offense of a lesser degree, is untenable where defendant's counsel requested no instructions that the jury might find a verdict convicting the defendant of a lesser degree than murder, and, especially, where the jury, although permitted to find the defendant guilty of murder in the second degree, found him guilty of murder in the first degree.

(3.) SAME—WHEN EXPERT WITNESSES MAY EXPRESS OPINION UPON FACTS TESTIFIED TO BY HIMSELF AND OTHERS AS TO SANITY OF ACCUSED.

The jury upon the trial of this action, after deliberating for some time, requested the trial judge to have a certain part of his charge written out and to permit it to be taken by them into the jury room. There was nothing erroneous in what was thus submitted, and the submission was made with the acquiescence of

counsel for defendant. *Held*, that no error was committed, or legal injury inflicted on the defendant, by this course.

(4.) SAME—SUBMISSION OF PART OF CHARGE TO JURY IN WRITING AT RE-QUEST OF JURY.

A medical expert described in detail all that was said and done upon an examination of defendant by himself and two other medical experts, and stated that, in his opinion, based on such facts and all the evidence in the case, the defendant was sane. The counsel for the People, reciting various alleged irrational acts of defendant, sworn to upon his defense, asked the witness, in substance, whether such facts, assuming them and all those testified to by witness to be true, " were inconsistent with the sanity " of the defendant on the day he committed the crime charged. Counsel for defendant objected on the ground that the question was one for the jury to determine. The witness was permitted to answer. *Held*, that the ruling was proper.

(5.) SAME—EVIDENCE.

A confession which had been made by defendant to the chief of police and which had been reduced to writing and signed by defendant, was identified by such officer and received in evidence. After defendant had testified that he was unable to remember whether he had made a confession to the officer and that he was also unable to tell whether he had made the statements, or committed the acts related in said confession, the officer was permitted, upon rebuttal, to testify as to defendant's admissions concerning improper transactions mentioned in the confession. The court received the evidence " on the mental condition and also the defendant's veracity, that he had no recollection of what was said and done at the interview with the chief; " and, in his charge, the court instructed the jury that these transactions should not be made the basis of a conviction and that such evidence should be considered as bearing on defendant's credibility and upon his mental condition at the time he was said to have made the statement. *Held*, that the admission of the evidence was not erroneous.

APPEAL from a judgment of the Supreme Court, rendered June 29, 1909, at a Trial Term for the county of Dutchess, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*John F. Ringwood* and *George Wood* for appellant. The judge virtually charged the jury that their verdict must be murder in the first degree, or not guilty by reason of insanity. This was error. (*People* v. *Young,* 96 App. Div. 38; *People* v. *Granger,* 187 N. Y. 72; *People* v. *Sullivan,* 173 N. Y. 123.) It was error in the court, after the jury had retired and returned for instructions, to furnish them with the concluding sentences of his charge in writing. (Code Cr. Pro. §§ 425, 426; *Schappner* v. *S. A. R. R. Co.,* 55 Barb. 503; *Mitchell* v. *Carter,* 14 Hun, 450; *Manor* v. *People,* 43 N. Y. 1; *Cancemi* v. *People,* 18 N. Y. 128.) The hypothetical question answered by the three physicians on the part of the People as to the sanity of the defendant was incompetent in that they were permitted to take into account in answering the question the oral and physical examination of deefndant made previous to the trial and not in evidence or embraced in the question. (*Cobb* v. *U. E. etc., Co.,* 191 N. Y. 481; *Link* v. *Sheldon,* 136 N. Y. 1; *People* v. *Hawkins,* 109 N. Y. 317; *People* v. *Sleight,* 148 N. Y. 517; *People* v. *Nino,* 149, N. Y. 317; *People* v. *Hill,* 195 N. Y. 16.)

*John E. Mack, District Attorney,* for respondent. The charge of the court that the jury could find the defendant guilty of murder in the second degree was favorable to the defendant. (*People* v. *Giblin,* 115 N. Y. 196.) The giving to the jury of the concluding paragraph of the judge's charge at their request, which was not objected to by defendant, was not error. (*People* v. *Priori,* 164 N. Y. 459; *People* v. *Dolan,* 186 N. Y. 4; *People* v. *Gallagher,* 75 App. Div. 39; *People* v. *Johnson,* 110 N. Y. 134; *People* v. *Carnal,* 2 N. Y. Cr. Rep. 256; *People* v. *Draper,* 28 Hun, 1; *People* v. *Flock,* 8 N. Y. Cr. Rep. 43.) The hypothetical question propounded to the alienists was proper. (*People* v. *Truck,* 170 N. Y. 203.) The admission of the statement of the defendant as to other crimes

was competent upon the question of defendant's sanity. (*People* v. *Pekarz,* 185 N. Y. 470.)

Hiscock, J.   The defendant has been convicted of the crime of murder in the first degree because he killed one Kliff early in the morning of January 24, 1909, in the latter's restaurant. The theory of the prosecution in brief was and is that defendant and one Conrow, who were co-employees on a railroad, formed a scheme to rob the deceased of several hundred dollars, which he was known to keep in his house; that in pursuance of this scheme on the morning in question the defendant went to Kliff's house, wherein was a store or saloon, and struck down Kliff with a piece of iron, causing injuries from which he soon died, beat his wife into unconsciousness and then ransacked their sleeping room and obtained the desired money.   On the trial, in addition to the general issue raised by defendant's plea of not guilty, the special issue of insanity was tried, although we are not able to find that it was pleaded.

It does not seem necessary or desirable to enter into any extended review of the evidence in this case in announcing our conclusion that the judgment appealed from should be affirmed.   The testimony, consisting of defendant's confessions and of proof of independent facts corroborating those confessions at many important points, leaves no reasonable doubt whatever that the defendant committed the act with which he is charged.   In fact, neither on the trial nor on the argument of this appeal was it seriously contended that he did not kill Kliff at the time and place charged.   The burden of his defense was that he was either afflicted with permanent mental irresponsibility or that as a result of drugs and intoxicating liquors he was temporarily rendered incapable of appreciating what he was doing.   On these latter issues again, without recapitulating the evidence, it may be stated that the jury were fully

justified in rejecting his claims and in holding him responsible for what he did.

This leaves us simply to discuss briefly such legal questions arising in the course of the trial as are urged on our attention by counsel and seem to require any consideration whatever. Scarcely any of these questions are presented by any proper exception taken on the trial, but nevertheless we have given them the same examination as though proper exceptions had been taken.

It is claimed that the court by its instructions compelled the jury to find the defendant either guilty of murder in the first or second degree or else to acquit him, and thus left them no option to find him guilty of an offense of a lesser degree.

The trial judge, with perfect accuracy and clearness, defined the ordinary cases of murder in the first and second degrees where the killing is committed with a design to effect death and is or is not the result of deliberation and premeditation, and also the crime of murder in the first degree when the killing is effected without design to cause death by a person engaged in the commission of or in an attempt to commit a felony. He also with equal clearness and accuracy defined to the jury the insanity or defect of reason which would excuse the defendant from legal responsibility for killing Kliff, and also instructed them as to the effect which intoxication would have as bearing on the purpose, motive or intent of defendant if he was found to have committed the acts charged against him while in that condition. No exception was taken to the charge as made on these points, and no request was made for further instructions on any of them. As suggested, however, counsel for the defendant now claims that by confining his instructions to those phases of the case which have been mentioned, the trial judge may have prevented the jury from finding the defendant

guilty of an offense of a lesser degree, and thereby committed error.

The answer to this contention is twofold. The instructions given to the jury were the only logical ones suggested by all of the evidence in the case if the defendant killed Kliff, and while of course the jury had the legal right to convict the defendant of some lesser crime than was fixed on him by the verdict, his counsel, if he thought that any such view was permitted by the evidence, should have called the attention of the court to it and specifically requested charges on the line now urged by him. As a matter of fact, the only request which he did make was that the jury might find his client guilty of murder in the first or second degree. The second and quite conclusive answer, however, to this argument, is that the jury were specifically permitted to find the defendant guilty of murder in the second degree, and inasmuch as they did not avail themselves of this permission but instead found him guilty of murder in the first degree, it is not to be apprehended that they would have found him guilty of some offense less serious than murder in the second degree under the ordinary definitions applicable to this case even if they had been specifically instructed that they might so do. So far as concerns the killing of a human being by one engaged in the commission of a felony, conviction in a lesser degree than murder in the first degree is not justified. (*People* v. *Schleiman,* 197 N. Y. 383.)

Further complaint is made because the trial judge on the request of the jury permitted part of his charge to be written out and to be taken by the jury with them into their room. This was done in response to the specific request of the jury after they had been deliberating for some time and only after submission of this written portion to counsel both for the People and the defendant and without any objection whatever on their part. We are unable to see where any

error was committed or legal injury inflicted on the defendant by this course. The jury had received the general and complete instructions of the court and had retired for deliberation. Thereafter they returned to the court and requested not only additional instructions, but also that a certain portion of the charge should be written out so as to enable them to give more careful and complete consideration thereto. At the time they made this request it is to be assumed that their deliberations had led them to select this specific portion of the charge as especially applicable to the views which were prevailing in their minds; and, personally, I see no reason why, as a matter of convenience, the court could not cause to be written out for them a portion of the charges, so as to secure greater accuracy in their consideration and appreciation of it. But however this may be as a general proposition, there was nothing erroneous in what was submitted to them, and this submission was made with the acquiescence of the counsel for the defendant, and, under those circumstances, certainly no error was committed.

Of the errors alleged to have been committed in the admission of evidence, it is only necessary briefly to consider a very few.

The complaint in regard to the admission of defendant's confessions as reduced to writing by the witness Graham is fully answered by the decision of this court in *People* v. *Furlong* (187 N. Y. 198).

One of the medical experts called by the People had described with great detail what was said and done on the occasion of an examination of the defendant by the witness and two other medical experts. Then, in answer to an hypothetical question which embodied various facts concerning the defendant which the evidence tended to establish, and also the above observations of the witness as detailed by him, he stated that in his opinion the defendant was sane on the date of the alleged murder.

Counsel for the People then framed a question embodying a description of various alleged irrational acts on the part of the defendant which his evidence tended to establish, and asked, " Now, doctor, assuming the aforesaid to be true and taking into consideration the oral and physical examination of the defendant which you have already testified to, are such assumed facts inconsistent with the sanity of the defendant on the 24th day of January, 1909 ? "   This was objected to on the ground, amongst others, that the question presented was one for the jury. Of course, the question was one for the jury, but as it seems to us the People had a right to call on this witness as an expert to state whether these acts, even if they occurred, were inconsistent with or modified his opinion as to the sanity of the defendant.   That was the real purpose and result of the question and answer as more fully appears by the continuation of the examination.

One of the defendant's alleged confessions was claimed to have been made to a chief of police.   As part of the People's case this witness was allowed to testify to what defendant had told him concerning the commission of the crime here involved.   He testified that this confession had been reduced to writing and signed by the defendant, and without objection, which raised the question now under discussion, said written confession was received in evidence.   Although his oral testimony did not cover that subject, the written confession contained admissions that defendant prior to the commission of this crime had formed a scheme with the same Conrow already mentioned to rob a station agent, and had only been diverted from the consummation of this purpose by accident; that he had climbed into a house and stolen some money.   After the defendant had taken the stand and testified that he was entirely unable to remember whether he had made confession to this witness, and also unable to tell whether he had intended to rob the station agent, and whether he had climbed into the house

and stolen the money, and on rebuttal, the chief of police was permitted over defendant's objections to tell of defendant's admissions to him concerning the two transactions last mentioned. The court overruled the objections and took the evidence " on the mental condition, and also the defendant's veracity, that he had no recollection of what was said and done at the interview with the Chief." Likewise, in his charge the court instructed the jury that these transactions could not in any way be made the basis of convicting him in this case, and that evidence of them was only to be considered as bearing on the question of defendant's credibility and in so far as they related to his mental condition at the time he was in jail and was said to have made the statements.

While I am inclined to think that the district attorney in recalling the chief of police and bringing in this evidence of the alleged confession of other alleged misdeeds by the defendant had another purpose than that defined by the court and incurred unnecessary risks, I do not feel that under any view any such error was committed on the part of the court or any such injury done to the defendant as requires us to reverse the judgment. Possibly the evidence of everything which the defendant said on the occasion in question was permissible as bearing on his mental condition in view of his denial on the stand that he could remember anything which occurred. Moreover, as already has been pointed out, his written confession, covering substantially everything that was testified to by the chief of police when last recalled, was already in evidence without proper objection and presumably before the jury for consideration. But, furthermore and lastly, in view of the general merits of this case and of the evidence of defendant's prior misdeeds, we cannot feel that this evidence, even if technically objectionable, substantially influenced the jury in finding the verdict which was rendered against him.

For these reasons we think that the judgment must be affirmed.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur.

Judgment of conviction affirmed.