Thomas Dickens, J.
Defendant moves this court to declare invalid a confession made by him shortly after his arrest in 1963.
He gives as his fundamental reason the fact that he was suffering from a head injury .sustained during the time of his arrest. This injury, he alleges, aggravated a prior mental condition. In consequence, he contends that the confession was involuntary.
At the hearing a former District Attorney testified that defendant acknowledged to him that he was comfortable and able to answer questions. The questions were then put to defendant in normal sequence. This colloquy continued for 25 minutes.
A Detective called on behalf of the People’s case, testified that no complaint was made to him by defendant, The answers given to him by defendant were clear and responsive. Neither the Detective, nor anyone else, used physical force upon defendant.
As proof, defendant introduced into evidence a record from Bellevue Hospital, made shortly after the confession in question. It revealed that no skull fracture was found.
Also, records from Matteawan State Hospital were produced, which showed that defendant had been an inmate there on two occasions prior to this period of his arrest and that he had been discharged from Matteawan both times, as cured.
Now, as to the legal aspect of the case, the rule is that medical diagnosis of mental illness does not in and of itself immunize one from criminal responsibility (People v. Pugach, 33 Misc 2d 938. See, also, People v. Monat, 200 N. Y. 308). The fact that defendant had had a previous history of mental disturbance did not, in itself, prove that he was insane at the time of the arrest, or, within the measure of the law, mentally unable thereafter to make a confession. (Cf. People v. Boundy, 10 N Y 2d 518.) Furthermore, no proof exists that the authorities involved at the time of the arrest and at the taking of the confession had been aware of defendant’s former mental condition. (Cf. People v. Golwitzer, 52 Misc 2d 925.)
Then again, there was no proof of a causal connection between the facts of the present arrest and his former mental condition to arouse any doubt regarding his present ability to make a confession. (Cf. People v. Hill, 17 N Y 2d 185, 190.)
Consequently, I make these findings:
*617 FINDINGS OF FACT
1. The extra-judicial statement of admissions or confessions was voluntarily and willingly made by defendant to the police and to the District Attorney.
2. Neither force nor threats nor coercion nor unfair tactics were used by the police or the District Attorney, whether directly or indirectly, or by any peace officer of this State, to obtain the statements.
3. No proof of any causal connection between defendant’s statements and the incidents of the arrest exists here, assuming that defendant’s injury arose out of the arrest.
4. No proof appears that the police and the District Attorney had any knowledge at the time of the arrest that defendant had had a previous history of mental disturbance.
5. Defendant willingly submitted to the pretrial questioning by the police and the District Attorney.
CONCLUSIONS OF LAW
6. The People by the District Attorney or by any peace officer did not in any wise violate the statutory law of this State or defendant’s constitutional rights dealing with the subject of the statements.
7. Medical diagnosis of mental illness as a prior history of mental disturbance, in and of itself, did not immunize defendant from any statements made under arrest in the circumstances of this case.
8. The People have proved beyond a reasonable doubt that the statements were voluntarily made.
In a word then, I deny defendant’s motion to invalidate the statement of admissions or confessions.