THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERWIN MAYE, Appellant.—Judgment, Supreme Court, New York County, convicting defendant, after trial, before a jury, of robbery in the first degree and assault in the third degree and sentencing him to concurrent terms of 5 to 15 years and one year, respectively, unanimously affirmed. Joseph Mitchell, the victim of a robbery and assault, during which he was brutally stabbed,

identified defendant as his attacker at a time when he was not expected to live. The People's proof of the acts charged was overwhelming, and, indeed its sufficiency is not now in dispute. Upon appeal, the sole issue presented is whether the trial court committed error when, over the strenuous objection of counsel, it gave to the jury index cards, which contained written definitions of the crimes submitted, for use during deliberations. Defense counsel contends the trial court abdicated its responsibility, and its conduct presents a critical question of first impression. We disagree. Although there is no specific statutory authority to submit written instructions to the jury, courts of this State as well as in other jurisdictions have sanctioned the practice of submitting written portions of the charge to the jury where the defendant is unable to demonstrate, as in this case, prejudice therefrom. (*People v Monat,* 200 NY 308, 312-313; *Carrado v United States,* 210 F2d 712, 722-723, cert den 347 US 1018; *State v Peters,* 352 P2d 329, 332; cf. *People v Hudson,* 19 NY2d 137, 140.) In *Copeland v United States* (80 US App DC 308, 309), the court said: "we think it is frequently desirable that instructions which have been reduced to writing be not only read to the jury but also handed over to the jury. This course is required in some states, and is widely practiced. United States courts are free to follow it. We see no good reason why the members of a jury should always be required to debate and rely upon their several recollections of what a judge said when proof of what he said is readily available." We note that although the written cards did not provide a definition of all the terms contained therein, the oral charge, not here under attack, defined for the jury all principles of law necessary for its deliberations, and the accuracy of the written definitions of the crimes was not questioned. Concur—Kupferman, J. P., Silverman, Evans and Lane, JJ.