■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR McCABE, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Doyle, J.), rendered April 21, 1980, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Case remitted to the County Court, Suffolk County, to a Judge other than the Judge who accepted the plea and sentenced defendant, to hear and report, pursuant to CPL 730.30 (subd 4), as to the defendant's mental capacity at the time of his plea and sentence. The County Court is to file its report with all convenient speed; the appeal is held in abeyance in the interim. In early September, 1979 the defendant was indicted on charges of robbery in the first degree (three counts) and attempted murder in the first degree, as the result of a bank robbery. At about the same time, defendant's counsel requested the County Court to issue an order for the psychiatric examination of his client, pursuant to CPL 730.20. On September 14, 1979 the court issued the necessary order and thereafter two psychiatrists were named to conduct the examination of defendant. The two doctors saw and examined defendant on three occasions in September and October of 1979 and they both filed reports with the court stating that, in their opinion, the defendant was suffering from schizophrenia, paranoid type, and was not competent to assist in his own defense. The People subsequently moved for an examination of defendant by a psychiatrist selected by them and on February 8, 1980 such an examination was had, pursuant to court order. The People's psychiatrist came to the conclusion that defendant was malingering and that he was competent to assist in his own defense. The parties appeared in court on March 6, 1980 and when the Judge inquired about a hearing, pursuant to CPL article 730, he was informed by defense counsel that he had read the reports of the psychiatrists and was in agreement with the People's doctor that defendant was competent. He stated further that he had had several conferences with defendant and that he, counsel, was convinced that defendant was competent. *Defense counsel* then moved that the court accept the report of the People's psychiatrist. An Assistant District Attorney joined in that motion. The court then *voir dired* the defendant to satisfy himself that he knew what was going on and finally asked defendant if he also joined in the motion. Defendant answered in the affirmative. The parties then entered into a plea bargain under the terms of which defendant pleaded guilty to one count of robbery in the first degree in satisfaction of all the counts of the indictment. On April 21, 1980, defendant was sentenced to the agreed term of imprisonment. The court was in error in permitting defendant to plead guilty without first ordering a hearing as to defendant's competence pursuant to CPL 730.30 (subd 4). That section is mandatory and not discretionary. Furthermore the law is well settled that: "If at any time before final judgment in a criminal action it shall appear to the court that there is a reasonable ground for believing that a defendant is in such state of idiocy, imbecility or insanity that he is incapable of understanding the charge, indictment or proceedings or of making his defense, it is the duty of the court to direct him to be examined in these respects." (*People v Smyth*, 3 NY2d 184, 187.) It goes without saying that two reports from qualified psychiatrists, that defendant was incapable of assisting in his defense, would constitute such a reasonable ground. Nor can it be said that defendant waived his right to such hearing. In *People v Armlin* (37 NY2d 167), in dealing with a very similar situation, the court said (at p 172): "Lastly, the People contend that by his plea of guilty Armlin waived his right to the mandated competency proceedings. We agree that there is an inherent contradiction in arguing that a defendant may be incompetent, and yet knowingly or intelligently waive his right to have a court determine his capacity to stand trial in accordance with the Criminal Procedure Law (43

AD2d 782, 784; see, *Pate v Robinson,* 383 US 375, 384)." In the case of *People v Hudson* (19 NY2d 137) the Court of Appeals specified the procedure to be followed in this type of case and the hearing we are directing herein. It is to be noted that the hearing should be held before a Judge other than the Judge who accepted the plea and sentenced defendant, since his testimony may become germane at the hearing (*People v Hudson, supra,* at p 140). There is one other factor that requires comment. Apparently, at the request of an Assistant District Attorney, the County Court directed that the examination of the defendant by the People's psychiatrist be conducted *in the District Attorney's office.* We are not given any reason for such direction, and it does not appear that there was any objection by the defendant, but it was improper to order or permit such an examination to be so conducted. CPL 730.20 (subd 3) is quite explicit as to the only two locations where such examinations are to be conducted. This court is not aware of whether or not this was an isolated instance, but, if not, it should be discontinued at once. There was absolutely no evidence before the County Court that the defendant was receiving any kind of medication at the time of his plea and sentence and thus there was no way the court could make any determination as to the effect of medication on his competence. It follows that there is no merit to defendant's argument that the court should have found him to be incompetent by reason of his receiving medication. Titone, J. P., Weinstein, O'Connor and Rubin, JJ., concur.