■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN J. LOMBARDO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAY PARTON, Appellant. — Two judgments of the County Court, Nassau County (Delin, J.), one as to each defendant, both rendered October 4, 1982, affirmed. No opinion. These cases are remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v McKINLEY MAPLES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Mirabile, J.), rendered February 2, 1982, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and sentencing him to an indeterminate term of 2 to 4 years' imprisonment upon his adjudication as a second felony offender. Judgment modified, on the law, by vacating the sentence and the second felony offender adjudication. As so modified, judgment affirmed, and the matter is remitted to the Supreme Court, Kings County, for a hearing pursuant to CPL 400.21 (subd 5) and for the reimposition of sentence thereafter. The People concede that a hearing pursuant to CPL 400.21 (subd 5) should have been held to determine the merit of the defendant's contention that the predicate felony conviction was obtained in violation of his constitutional rights. We have reviewed the defendant's remaining contentions and find them to be without merit. Lazer, J. P., O'Connor, Bracken and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY SEYFRIED, Appellant. — Judgment of the County Court, Nassau County (Kepner, J.), rendered November 19, 1982, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE VALLE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 12, 1980, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, indictment dismissed and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Reversal is mandated by a number of trial errors, including: the failure to charge — as required — that the People had the burden of proving the defendant's guilt beyond a reasonable doubt as to each element of the crime of possession of stolen goods, a charge on intoxication which the People concede was "somewhat confusing", and an inadequate charge on intent. In addition, we believe the trial court's effort to compare the complaint in a civil action for damages with an indictment in explaining the functions of the Grand Jury was inappropriate. Since defendant has already served his sentence on the relatively minor charge, the indictment should be dismissed (see *People v Burwell*, 53 NY2d 849). Lazer, J. P., Mangano, Thompson and Gulotta, JJ., concur.