■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. KENNEDY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered November 4, 1987, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

As the result of stabbing another man with a knife on May 26, 1986 in the City of Troy, Rensselaer County, defendant was indicted for assault in the first degree. On the following day Sergeant John Waters of the Troy Police Department went to the hospital to interview the victim and displayed to him an array of six photographs, one of which depicted defendant. With some hesitancy and uncertainty, the victim identified two photographs, one of which was defendant's, as depicting his possible assailant. Subsequently, Waters displayed the same photographs to at least nine other people who reportedly had witnessed the stabbing. Only two of these persons, Phillip Williams and George Mott, identified defendant as the perpetrator from his photograph. The others could not make an identification, at least from the photographs. Mott, who was serving weekends in the Rensselaer County jail, on a later occasion saw defendant in the jail and identified him as the assailant. The victim was in Troy Police Court on an unrelated matter and caught a glimpse of defendant

standing in the doorway and immediately recognized him as the assailant.

At the subsequent suppression hearing concerning the possible suggestiveness of the photographic array, the prosecution called only Waters. County Court determined that the array was not unduly suggestive. Over the objection of defendant, the court refused to hold a *Wade* hearing to determine whether Mott's recognition of defendant in the jail or the victim's accidental viewing of defendant in Police Court tainted any potential in-court identification of defendant by either of these witnesses. Meanwhile, a competency to stand trial examination of defendant was conducted pursuant to CPL 730.20 and 730.30. However, only one examination of defendant was held and the single report indicated that defendant was competent to stand trial. Defendant eventually pleaded guilty to the crime of assault in the first degree with the understanding that he would receive a prison sentence of 4 to 8 years, a sentence that was ultimately imposed upon defendant as a predicate felon. Defendant appeals.

Initially, we note that the failure to provide defendant with an examination by two qualified psychiatrists as required by CPL 730.20 (1) deprived the accused of the right to a full and fair determination of his mental capacity to stand trial *(see, People v Armlin,* 37 NY2d 167). Accordingly, the matter must be remitted to County Court for a proper determination of defendant's mental capacity at the time of the plea allocution. This should be done, if possible, by a nunc pro tunc reconstruction competency hearing. Such a reconstructive hearing in these circumstances appears feasible *(see, People v Lowe,* 109 AD2d 300, 305, *lv denied* 67 NY2d 653) since the initial examining psychiatrist is still available and less than two years have elapsed since the plea allocution *(see, People v Arnold,* 113 AD2d 101, 107-108). The prosecutor, County Judge and defense counsel may provide relevant testimony on this issue, which should be heard before another Judge *(see, People v Hudson,* 19 NY2d 137, 140).

Defendant also argues on this appeal that error occurred when the prosecution produced only Waters, the police sergeant, at the suppression hearing and refused to conduct a *Wade* hearing. In our view, the testimony of Waters was sufficient to sustain the prosecutor's initial burden of going forward to establish the reasonableness and nonsuggestiveness of the photographic array *(see, People v Jackson,* 108 AD2d 757, 757-758). The burden was then shifted to defendant to satisfy his over-all burden of proof to establish that the

photographic array was unduly suggestive *(see, supra,* at 757). Defendant has failed to meet his burden in this regard and, therefore, the People's failure to call the identifying witnesses was inconsequential. In regard to the viewing of defendant by the victim at Police Court, we note that it was not the result of any police efforts to obtain an identification *(see, People v Batten,* 141 AD2d 746, 748, *lv denied* 72 NY2d 915). Lacking such a sworn allegation by defendant, the denial of the *Wade* hearing was proper.

In regard to the sentence imposed on defendant, the term had been agreed upon. However, CPL 400.21 mandates certain procedures for the sentencing of defendant as a predicate felon which were not complied with. Lacking substantial compliance with those procedures, defendant must be resentenced in accordance with CPL 400.21 and such new sentence cannot exceed the prior 4-to-8-year term unless defendant is afforded the opportunity to withdraw his plea *(see, People v Traynor,* 101 AD2d 898, 899).

Judgment reversed, on the law, and matter remitted to the County Court of Rensselaer County for a hearing before a different Judge to determine defendant's mental competence at the time of the plea allocution, and, if such hearing is resolved in favor of the People, for resentencing pursuant to CPL 400.21. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.