◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. MEURER, Appellant.—Judgment unanimously reversed on the law and matter remitted to Chautauqua County Court for further proceedings in accordance with the following Memorandum: It was error to deny defendant's application to represent himself without first making a determination

whether the required elements for the right to appear *pro se* were met *(see, People v McIntyre,* 36 NY2d 10; *see also, People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178). The fact that defendant asserted an insanity defense did not, of itself, preclude him from representing himself *(see, People v Reason,* 37 NY2d 351, *rearg denied* 37 NY2d 817).

Having raised, *sua sponte,* the question of defendant's capacity to stand trial, and having ordered a CPL article 730 examination, which resulted in conflicting opinions, the court should have conducted a competency hearing, as required by CPL 730.30 (4) *(see, People v Armlin,* 37 NY2d 167; *see also, People v Jackson,* 88 AD2d 604, 605-606). The failure of the trial court to conduct a competency hearing constitutes reversible error. Although the record does not disclose that defendant objected to the court's failure to do so, the absence of objection does not constitute a waiver of the procedural requirements of article 730. "[T]here is an inherent contradiction in arguing that a defendant may be incompetent, and yet knowingly or intelligently waive his right to have a court determine his capacity to stand trial in accordance with the Criminal Procedure Law" *(People v Armlin,* 37 NY2d 167, 172, *supra; see, Pate v Robinson,* 383 US 375; *People v Christopher,* 65 NY2d 417). The issue of competence to stand trial may be raised for the first time on appeal, despite the absence of objection *(People v Armlin, supra).*

Lastly, we would note that the examiners' reports that were submitted after the competency examination of defendant, pursuant to CPL article 730, did not comply with that article's strict requirements *(see, People v Lowe,* 109 AD2d 300, *lv denied* 67 NY2d 653). Dr. Tronetti's examination report was not submitted upon the mandated form (CPL 730.10 [8]; 22 NYCRR subtit D, ch I); Dr. Schutkeker's report did not state whether defendant had the capacity to understand the proceedings against him or to assist in his own defense; and, Dr. Ellis, although finding defendant competent to stand trial, did not set forth in his report his diagnosis and prognosis, nor state the reasons for his opinion.

In view of those irregularities and the fact that the CPL article 730 examinations were conducted in 1990, we direct that new examinations be held, that the examination reports be submitted as required by CPL 730.10 (8), and that, if indicated, a competency hearing be conducted. If defendant is found competent to stand trial, we grant a new trial.

We have reviewed the other contentions raised by defendant

and find them to be without merit. (Appeal from Judgment of Chautauqua County Court, Adams, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.