■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS SMART, Appellant.—Judgment, Supreme Court, New York County (Richard Failla, J.), rendered March 28, 1989, convicting defendant, after trial by jury, of arson in the fourth degree, and sentencing him to an indeterminate term of imprisonment of 1 to 3 years, unanimously reversed, on the law and the facts and as a matter of discretion in the interest of justice, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of a copy of this Court's order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Defendant was arrested on January 20, 1988 at 502 West 22nd Street and charged with arson in the fourth degree, based on allegations that he recklessly damaged the building, in which he had been squatting, by intentionally starting a fire.

On April 22, 1988, an evaluation of defendant's competency to stand trial was ordered and, in May and June of 1988, defendant was subjected to psychological testing and examined by two court ordered psychiatrists, both of whom found defendant incompetent to stand trial. After the findings of the psychiatrists, defendant, who has personally consistently argued that he was competent to stand trial, requested new counsel. The Legal Aid Society was relieved and new counsel assigned. While the record before us is unclear, according to the prosecution, pursuant to a motion by newly assigned defense counsel, defendant was examined, in September, 1988, by a new psychiatrist, who found him competent. On January 10, 1989, at defendant's request, his second appointed attorney was relieved and defendant was granted permission to proceed

to trial *pro se*, and a third appointed attorney was assigned to act as his legal advisor.

Under CPL 730.30 (4), a court which has ordered psychiatric examination of a defendant based on its opinion that he or she may be unfit to proceed to trial, and which is then confronted by conflicting psychiatric reports as to that issue, must order a hearing and make an adjudication. It is irrelevant in such a situation that the defendant himself, or his attorney, seeks a finding of competency and expresses a willingness to proceed. In this case, since the opinions of the psychiatrists were conflicting and no hearing was ordered, defendant's conviction may not stand.

Since defendant has fully served his sentence and has been released from parole, and in view of the peculiar circumstances of this case, including the nature of the crime, we find that the interests of justice preclude the retrial of defendant on the within charges and that the indictment should be dismissed *(see, People v Valle,* 95 AD2d 865; *People v Johnson,* 88 AD2d 552). Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Rubin, JJ.