# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

55

KA 15-00778

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GARY J. PETT, DEFENDANT-APPELLANT.

DANIEL M. GRIEBEL, TONAWANDA, FOR DEFENDANT-APPELLANT.

JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (JACQUELYN M. ASNOE OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Herkimer County Court (Daniel R. King, A.J.), dated April 12, 2015.  The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of robbery in the second degree.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, and the matter is remitted to Herkimer County Court for further proceedings in accordance with the following memorandum:  Defendant appeals from an order of County Court (King, A.J.) denying his CPL article 440 motion to vacate a judgment convicting him, upon his plea of guilty, of robbery in the second degree.  Defendant contends that County Court (Kirk, J.) violated his due process rights by accepting his guilty plea without conducting a competency hearing.  We agree.

We note at the outset that Judge King did not reach the merits of defendant's motion because he determined that the issue had been decided in a prior CPL article 440 motion (*see* CPL 440.10 [3] [b]) and that, in any event, it could have been raised therein (*see* CPL 440.10 [3] [c]).  We conclude that the precise issue raised herein was not raised in a prior motion and, although a court may refuse to consider the issue because it could have been raised in the prior motion but was not, we exercise our discretion to reach the merits (*see People v Hamilton*, 115 AD3d 12, 21).

Upon defense counsel's motion for a CPL article 730 examination based on defendant's lengthy psychiatric history, defendant was examined by two psychiatrists.  One psychiatrist found defendant competent to stand trial, but the other found him incompetent to stand trial.  Although CPL 730.30 (4) explicitly requires a hearing when the examining psychiatrists report conflicting findings on the issue of

competency, no hearing was held.  Instead, Judge Kirk accepted defendant's guilty plea to a reduced charge of robbery in the second degree.  During the plea colloquy, defense counsel purported to "withdraw" her request for a competency hearing.  Defendant was subsequently sentenced in accordance with the terms of the plea agreement.

"Article 730 of the Criminal Procedure Law sets out the procedures courts of this State must follow in order to prevent the criminal trial of [an incompetent] defendant" (*People v Tortorici*, 92 NY2d 757, 759, *cert denied* 528 US 834).  The CPL expressly provides that, "[w]hen the examination reports submitted to the court show that the psychiatric examiners are not unanimous in their opinion as to whether the defendant is or is not an incapacitated person, . . . the court *must* conduct a hearing to determine the issue of capacity" (CPL 730.30 [4] [emphasis added]; *see People v Meurer*, 184 AD2d 1067, 1068, *lv dismissed* 80 NY2d 835, *lv denied* 80 NY2d 907).  "That section is mandatory and not discretionary" (*People v McCabe*, 87 AD2d 852, 852), and a plea of guilty cannot be accepted unless the requisite hearing is held and the defendant is found competent (*see People v Armlin*, 37 NY2d 167, 172).  Thus, we conclude that Judge Kirk erred in failing to conduct a competency hearing before accepting defendant's plea of guilty (*see e.g. Meurer*, 184 AD2d at 1067-1068; *People v O'Reilly*, 125 AD2d 979, 980; *McCabe*, 87 AD2d at 852-853).

A reconstruction hearing generally is the proper remedy for the violation of CPL article 730, but "we are unable to determine on the record before us whether a meaningful reconstruction hearing is feasible" (*People v Greene*, 38 AD3d 1338, 1339, *lv dismissed* 11 NY3d 788).  Under the circumstances of this case, we reverse the order denying defendant's motion, rather than holding the case and reserving decision as in *Greene*.  As in *Greene*, however, we "remit the matter to County Court for a hearing . . . to determine whether sufficient evidence may be developed to reconstruct defendant's mental capacity at the time of [the plea] and, if so, to determine whether defendant was competent" (*id.*).  If, on remittal, it is feasible to conduct a reconstruction hearing concerning defendant's competency at the time of the plea in 2008, and if the People meet their burden at the reconstruction hearing of establishing defendant's competency at the time of the plea by a preponderance of the evidence (*see generally People v Mendez*, 1 NY3d 15, 19-20), then defendant's instant motion should be denied.  If, however, the People fail to meet their burden of establishing defendant's competency at the time of the plea, or if it is not feasible to conduct a reconstruction hearing, then defendant's instant motion should be granted, the judgment and guilty plea should be vacated and further proceedings on the indictment should be conducted (*see e.g. People v Galea*, 54 AD3d 686, 688, *lv denied* 11 NY3d 854; *People v Hasenflue*, 48 AD3d 888, 889-891, *lv denied* 11 NY3d 789).

In view of our determination, we do not address defendant's

remaining contentions.

Entered:  March 24, 2017

Frances E. Cafarell
Clerk of the Court