People v Vandegrift (2019 NY Slip Op 01854)





People v Vandegrift


2019 NY Slip Op 01854


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

108639

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSHUA P. VANDEGRIFT, Appellant.

Calendar Date: January 15, 2019

Before: Egan Jr., J.P., Lynch, Devine, Rumsey and Pritzker, JJ.


John A. Cirando, Syracuse, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (William VanDelinder of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered June 24, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
In July 2015, after pleading guilty to disseminating indecent material to a minor in the second degree, defendant was sentenced to six months in jail, to be followed by 10 years of probation. In January 2016, defendant was charged with violating several terms of his probation. Thereafter, due to concerns raised by defense counsel, County Court ordered a competency examination of defendant pursuant to CPL article 730, and defendant was examined by two psychiatric examiners. Conflicting reports were received by the court wherein one psychiatrist found defendant competent to stand trial, but the other found him incompetent to stand trial. Accordingly, a competency hearing was scheduled. However, when the parties appeared for the hearing, defense counsel informed the court that he had been in contact with the psychiatric examiner who had filed the report stating that defendant was not competent to stand trial and that said examiner had changed his opinion and no longer believed there was a question of legal incapacity. In light of this, defense counsel withdrew his request for a competency hearing. A probation violation hearing ensued, after which County Court found that the People had sustained their burden of establishing a violation. Accordingly, the court revoked defendant's probation and sentenced him to a prison term of 1 to 3 years. Defendant appeals.
CPL article 730 "sets out the procedures courts of this [s]tate must follow in order to prevent the criminal trial of an incompetent defendant. The CPL expressly provides that, when the examination reports submitted to the court show that the psychiatric examiners are not unanimous in their opinion[s] as to whether the defendant is or is not an incapacitated person, the court must conduct a hearing to determine the issue of capacity" (People v Pett, 148 AD3d 1524, 1525 [2017] [internal quotation marks, brackets, ellipsis and citations omitted]; see People v Smart, 184 AD2d 341, 342 [1992], appeal dismissed 80 NY2d 934 [1992]). "It is irrelevant in [*2]such a situation that the defendant himself [or herself], or his [or her] attorney, seeks a finding of competency and expresses a willingness to proceed" (People v Smart, 184 AD2d at 342). "[T]he Court of Appeals [has] stated that 'once the procedure mandated by CPL article 730 has been invoked, the defendant is entitled to a full and impartial determination of his [or her] mental capacity'" (People v Mulholland, 129 AD2d 857, 858 [1987] [brackets omitted], quoting People v Armlin, 37 NY2d 167, 172 [1975]).
Here, there can be no dispute that, after receiving conflicting examination reports, County Court failed to conduct a competency hearing. Although the People rely on defense counsel's representation that the psychiatric examiner who filed a report stating that defendant was not competent to stand trial had changed his mind, this representation and subsequent withdrawal of the request for a hearing did not relieve the court of its statutory duty to conduct a hearing pursuant to CPL 730.30 (4) for the purpose of determining defendant's mental capacity to stand trial (see People v Smart, 184 AD2d at 342, People v Meurer, 184 AD2d 1067, 1068 [1992], appeal dismissed 80 NY2d 835 [1992], lv denied 80 NY2d 907 [1992]). We agree with the dissent that, pursuant to CPL 730.30 (2), a competency hearing need not always be held "[w]hen the examination reports submitted to the court show that each psychiatric examiner is of the opinion that the defendant is not an incapacitated person" (emphasis added). However, we do not agree that CPL 730.30 (2) applies when the record demonstrates that the court has been provided with two conflicting examination reports, even if the defendant's attorney represents that one of the examiners has since changed his or her opinion.[FN1]
Reversal of the judgment is not generally the remedy in a situation such as this (see People v Kennedy, 151 AD2d 831, 832 [1989]; People v Decker, 134 AD2d 726, 728 [1987]; People v Mulholland, 129 AD2d at 859; People v Graham, 127 AD2d 443, 446 [1987]). Given the circumstances present here, reconstruction of defendant's mental capacity at the time of his violation hearing should be possible by means of "contemporaneous observation and records" (People v Graham, 127 AD2d at 446; see People v Lowe, 109 AD2d 300, 305 [1985], lv denied 67 NY2d 653 [1986]). Therefore, we withhold decision and remit the matter to County Court to conduct a reconstruction hearing, at which testimony of defense counsel, the trial judge and others may be necessary (see People v Hudson, 19 NY2d 137, 140 [1967], cert denied 398 US 944 [1970]; People v Hasenflue, 24 AD3d 1017, 1018 [2005]; People v Kennedy, 151 AD2d at 832; People v Graham, 127 AD2d at 446; People v Wright, 105 AD2d 1088, 1088 [1984]).
Lynch, Devine and Rumsey, JJ., concur.




Egan Jr., J.P. (dissenting).


I do not believe that CPL article 730 required County Court to conduct a competency hearing in this criminal action and, therefore, I respectfully dissent. It is well settled that a defendant is presumed to be competent, and a trial court is only obligated to conduct a competency hearing when it has reasonable grounds to believe that the defendant is incapable of comprehending the charges, proceedings or assisting in his or her own defense (see People v Tortorici, 92 NY2d 757, 765 [1999], cert denied 528 US 834 [1999]; People v Johnson, 145 AD3d 1109, 1110 [2016], lv denied 29 NY3d 949 [2017]; People v Duffy, 119 AD3d 1231, 1232 [2014], lv denied 24 NY3d 1043 [2014]).
Here, following defendant's arraignment, defense counsel submitted an application for a psychiatric evaluation based upon his concern that defendant lacked capacity to assist in his own defense. County Court then promptly issued an order for a psychiatric evaluation of defendant pursuant to CPL article 730 (see CPL 730.30 [1]), and defendant was thereafter examined by two psychiatric examiners. The first examiner issued a report determining that defendant was mentally incompetent to stand trial. The second examiner, who had been treating defendant for [*3]approximately four months prior to the exam, issued a report concluding that defendant was "fully able to participate in his own defense." Based upon these conflicting reports, defendant requested, and County Court ordered, that a competency hearing be conducted [FN2]. At that point, I agree with the majority that County Court was required to, and did, schedule a hearing to resolve the conflicting reports of the two examiners (see CPL 730.30 [4]; see People v Pett, 148 AD3d 1524, 1525 [2017]; People v Smart, 184 AD2d 341, 342 [1992], appeal dismissed 80 NY2d 934 [1992]).
However, on the morning of the scheduled competency hearing, defendant's counsel, standing in open court with defendant at his side, reported that he had been in contact with the first examiner who had informed him that, based upon defendant's response to medication and treatment, there was no longer a question of legal capacity, and that defendant was withdrawing the request for a hearing. Because, in my view, a previously-scheduled CPL article 730 competency hearing need not always proceed depending upon later changes in a defendant's mental capacity, and given the update reported by defendant's counsel, it was within County Court's discretion to cancel the hearing (see CPL 730.30 [2]; People v Tortorici, 92 NY2d at 765-767; People v Gensler, 72 NY2d 239, 244-246 [1988], cert denied 488 US 932 [1988]; People v Pittman, 109 AD3d 1080, 1081 [2013], lv denied 22 NY3d 1043 [2013]; People v Ferrer, 16 AD3d 913, 914 [2005], lv denied 5 NY3d 788 [2005]; People v Wojes, 306 AD2d 754, 755 [2003], lv denied 100 NY2d 600 [2003]; People v Horan, 290 AD2d 880, 882-883 [2002], lv denied 98 NY2d 638 [2002])[FN3]. If the majority is correct that County Court erred in not proceeding with the competency hearing, then, in my opinion, the proper remedy would be to simply remit to County Court for the purpose of holding said hearing.
ORDERED that the decision is withheld, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The cases cited by the dissent in support of this contention are inapposite both procedurally and factually.

Footnote 2: Notably, unlike in People v Armlin (37 NY2d 167, 172 [1975]) and People v Mulholland (129 AD2d 857, 858 [1987]), cited by the majority, wherein it was determined that the trial courts failed to have the defendants evaluated by two psychiatric examiners in contravention of the procedure mandated by CPL article 730 (see CPL 730.20 [1]), here, County Court complied "with the letter and spirit" of CPL article 730 in procuring the requisite psychiatric reports (People v Gensler, 72 NY2d 239, 244 [1988], cert denied 488 US 932 [1988]; see People v Horan, 290 AD2d 880, 882-883 [2002], lv denied 98 NY2d 638 [2002]).

Footnote 3: The better practice would have been to require the first examiner who reported the change in defendant's capacity to file an amended written report.