■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J. L. BURTON, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant, who was convicted after a jury trial of second degree murder (Penal Law § 125.25 [2]), argues on appeal that the court abused its discretion and violated defendant's Sixth Amendment right to present witnesses by precluding defendant from presenting psychiatric evidence. We agree.

Pursuant to CPL 250.10 (2), defendant must file a notice of intention to present psychiatric evidence not more than 30 days after entry of the plea of not guilty. However, the court in its discretion and for good cause shown may permit such filing to be made at any time prior to the close of proof. Defendant pleaded not guilty on December 23, 1986, and his competency to stand trial subsequently was established on February 24, 1988, when his counsel waived a competency hearing. Defense counsel served a notice of intent to present psychiatric evidence on March 15, 1988, whereupon the People moved to preclude such evidence based on the failure to serve a timely notice.

The court abused its discretion in granting the People's motion to preclude defendant from presenting psychiatric evidence. Although there may have been some prejudice to the People caused by defense counsel's delay in filing the notice, the sanction of preclusion was unduly harsh in comparison. Defendant's expert, Dr. Lewin, first examined him in June 1987, about seven months after the crime occurred, and thus it cannot be said that defendant was greatly advantaged by having had an immediate evaluation. The importance of the psychiatric defense is apparent from the testimony of defendant's sister and niece, and from Dr. Lewin's report, which, contrary to the People's contention, goes beyond defendant's ability to form intent and reflects on his ability to perceive risk. Weighing these factors against prejudice to the People caused by the delay, we conclude that the court abused its discretion in granting the motion to preclude *(cf., People v Miller,* 108 AD2d 1053, 1055-1056; *United States v Duggan,*

743 F2d 59, 82, n 8). The fact that the statute provides for an extension at any time prior to the close of proof supports this conclusion.

With respect to the Sixth Amendment violation, the importance of the testimony to defendant outweighed any prejudice to the People *(see, Ronson v Commissioner of Correction of State of N. Y.,* 604 F2d 176). Furthermore, there is no indication that defense counsel willfully failed to file a timely notice or that he caused the delay in order to obtain a tactical advantage *(cf., Taylor v Illinois,* 484 US 400, *reh denied* 485 US 983). (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—murder, second degree.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.