■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM OAKES, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment convicting him of six counts of perjury in the first degree. The perjury charges stem from testimony given by defendant during a Grand Jury investigation of allegations of police brutality defendant made in connection with a murder investigation. After two days of testimony on the perjury charges, defense counsel orally notified the court and prosecutor that he had subpoenaed a psychiatrist to testify regarding defendant's low IQ and his susceptibility to being led by authority figures. The defense maintained that such testimony was relevant to the issue whether defendant possessed the requisite specific intent of knowingly and willfully giving false testimony *(see,* Penal Law § 210.00 [5]; § 210.15; *People v Samuels,* 284 NY 410). The People objected upon the ground that notice of the intent to offer such testimony should have been given pursuant to CPL 250.10. The trial court concluded that CPL 250.10 applied and that, because defendant failed to notify the prosecutor within the time set forth in the statute and failed to demonstrate good cause for his failure to comply with the statute, the interest of justice warranted a denial of the request. Defendant's principal contention on this appeal is that the trial court abused its discretion in denying this request.

The court correctly determined that CPL 250.10 applied to the psychiatric evidence defendant sought to elicit. Although testimony regarding a low level of intelligence and suggestibility is not evidence of insanity, extreme emotional disturbance, or some other statutory defense, it is relevant with respect to an element of the crime charged, and thus falls within the procedural protection of CPL 250.10 *(see, People v Segal,* 54 NY2d 58, 66). We conclude, however, that the court's summary determination that defendant failed to demonstrate good cause for his delay in giving notice and that the interest of justice warranted rejection of the request constituted an improvident exercise of discretion.

In order to demonstrate good cause, a defendant must offer an explanation for the late filing and show that the proposed defense has some merit *(see, e.g., United States v Duggan,* 743 F2d 59; *Ronson v Commissioner of Correction of State of N. Y.,* 463 F Supp 97, 104, *affd* 604 F2d 176). Defendant's failure to give timely notice in this case was directly related to his contention that the psychiatric testimony he planned to introduce was not subject to the notice requirements of CPL 250.10. Although mistaken, defendant's position was colorable. Raising a mental disease or defect defense ordinarily assumes that "the defendant engaged in the proscribed conduct" (Penal Law § 40.15); here, defendant maintained that his statements were truthful and that he was innocent.

Moreover, the proposed psychiatric testimony would have been material and relevant to the defense. Officers Steyer and Burns, who also were indicted for perjury and later acquitted, corroborated the substance of many of defendant's allegations, but did not address all the conflicting statements made by defendant before the Grand Jury. To the extent that defendant's statements may have failed to reflect reality, psychiatric testimony would have been relevant concerning defendant's ability to comprehend the line between fact and fiction, and thus, whether he had the ability to form the necessary intent. Such a defense is not unprecedented *(see, People v Segal,* 54 NY2d 58, 66, *supra).*

The proposed psychiatric testimony was crucial to the defense and, in our view, the trial court failed to balance properly the prosecution's interests in an orderly trial and adherence to procedural rules with defendant's right to present witnesses at trial *(see, Taylor v Illinois,* 484 US 400). Even if there would "have been some prejudice to the People caused by defense counsel's delay in filing the notice, the sanction of preclusion was unduly harsh in comparison" *(People v Burton,* 156 AD2d 945, *lv denied* 75 NY2d 917). CPL 250.10 (2) provides that the court may, in the interest of justice and for good cause shown, permit the filing of notice of intention to present psychiatric testimony at any time prior to the close of evidence. Defendant made a sufficient demonstration of good cause for the delay in filing the notice, and the court made no finding that the delay in filing was willful or designed to obtain some tactical advantage *(see, Taylor v Illinois, supra; Escalera v Coombe,* 852 F2d 45, 48). Absent a showing that any prejudice to the People could not be cured by the grant of a short adjournment, the trial court should have granted defendant's request. (Appeal from judgment of Supreme Court,

Jefferson County, Parker, J.—perjury, first degree.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.