■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WELLS, Appellant.—Mahoney, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered November 9, 1990, upon a verdict convicting defendant of the crimes of assault in the second degree, leaving the scene of an accident and aggravated unlicensed operation of a motor vehicle in the second degree (two counts).

The gravamen of defendant's arguments on appeal in this wholly circumstantial criminal prosecution arising out of a 1989 hit-and-run accident on Central Avenue in the Town of Colonie, Albany County, involves the legal sufficiency of the evidence; specifically, whether the circumstantial evidence was sufficient to establish that defendant was the driver of the offending vehicle, a pink van. In this regard, the evidence established that defendant was in the process serving business and, despite the fact that his driver's license had been revoked as a result of a prior driving while intoxicated conviction, used the pink van, which was registered at the time in his wife's name, for business purposes. On Friday, October 27, 1989 he and his sole employee, Richard Connolly, took the van and spent the afternoon picking up and serving legal papers. It is uncontroverted that defendant operated the van during the course of that afternoon. According to Connolly, defendant did not then indicate that he planned to be away from the business for a period of time or that he had any plans to leave town. Rather, he asked Connolly to go out with him that evening. Upon declining the invitation, the two parted company around 6:00 P.M. when the van pulled over to drop Connolly off. According to Connolly, defendant was wearing jeans, sneakers and a flannel button-down shirt. Around 9:00 P.M., defendant and the van were spotted in a gas station.

Six hours later, in the early morning hours of Saturday, October 28, 1989, the van was traveling west on Central Avenue at approximately 67 miles per hour, ran a red light at the intersection of Central Avenue and Jupiter Lane, and collided with a pickup truck operated by Jeffrey Ashline as he attempted to pull out of a parking lot 200 feet west of the intersection. Immediately after the collision, an eyewitness

noticed the driver of the van flee the accident scene. While the witness was unable to identify defendant as the driver, she described the man she saw as being 25 to 30 years old, 5 feet 8 inches to 5 feet 10 inches tall, with short dark hair, medium build, wearing jeans, sneakers and a flannel-type button-down shirt.[1] Located in the abandoned van was a briefcase containing materials relevant to defendant's process serving business including legal documents to be served.

Immediately after the accident defendant, who had not indicated any plans to leave town and had not obtained the required permission from his probation officer to leave Albany County,[2] disappeared. Despite being aware that police had posted bulletins for him and sought to question him with regard to the accident, defendant failed to come forward. Rather, the evidence indicates that he made every effort to remain out of the public eye. He arranged for his wife and Connolly to carry on his business. Moreover, on the first business day after the accident, his wife appeared at a bank attempting to withdraw funds from certain of defendant's accounts, stating to a bank employee that defendant had "left town". When her attempts were unsuccessful, defendant telephoned a bank officer to arrange such authorization. The bank officer testified that during this conversation he asked defendant if he was going to present himself to the police in response to the bulletins that had been posted for him. Defendant stated, in response, that he "had a few things to straighten out first". Additional testimony from an account manager who had contacted defendant relative to nonpayments of the loan on the van established that while defendant denied to her that he was driving the van at the time of the accident, he admitted that neither he nor his wife had filed a stolen vehicle report in connection with this incident.

The well-established standard for appellate review of the legal sufficiency of a wholly circumstantial evidence case is whether, viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference to be drawn therefrom, the jury reasonably concluded that the defendant's guilt was proven to a moral certainty *(People v Betancourt,* 68 NY2d 707, 709-710). In our view, reasonable inferences drawn from the various pieces of

1. Defendant was 31 years old at the time of the accident, six feet tall, 180 pounds, with slicked back dark hair and a mustache.

2. A condition of defendant's probation for a prior DWI conviction was that he not leave Albany County without first notifying his probation officer.

circumstantial evidence submitted here, notably the uncontroverted evidence that defendant had been operating the van several hours before the accident and the similarity of the witness's description of the man she saw fleeing from the vehicle to that of defendant, combined with the evidence of defendant's motive to leave the accident scene (testimony and documentary evidence presented by a probation officer indicated that conditions of defendant's probation were that he not drive and be home between the hours of midnight and 6:00 A.M.), evidence of his immediate flight, his last minute arrangements to continue the business in his absence, the activities at the bank and the failure of defendant or his wife to report this expensive vehicle as stolen (it apparently was worth or cost $36,000), are sufficient to support the jury's conclusion that defendant was driving the van.

While defense counsel attempted to counter the evidence of flight by attributing defendant's inability to be located to marital problems and entry into a substance abuse program, such presented a question of fact for the jury which it resolved against defendant (see, e.g., People v Yaghnam, 135 AD2d 763, 764). In view of the fact that defendant subsequently entrusted his wife with the running of the business and actively arranged for her to have access to certain of his accounts, accompanied by his failure to submit any evidence regarding the date he actually entered the substance abuse program, it cannot be said that the jury's failure to credit defendant's explanations or its verdict in general was against the weight of the evidence.

We have reviewed defendant's remaining contentions and find them to be either unpreserved for review or lacking in merit.

Yesawich Jr., J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).