■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS T. MILLER, Appellant. [659 NYS2d 650] —Judgment affirmed. Memorandum: In October 1993 defendant was charged with murder in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree. Almost a year later, defendant served a CPL 250.10 notice of intention to offer psychiatric testimony. Although the notice was not timely served, the People agreed to accept it in exchange for defendant's acceptance of their untimely CPL 710.30 notice. In February 1995 Dr. Brian Joseph, a psychiatrist, examined defendant for the purpose of preparing for the affirmative defense of extreme emotional disturbance. Subsequently, Dr. Joseph declined to testify for the defense.

On March 31, 1995, defense counsel informed County Court that after "exhaustive efforts" he had been unable to obtain the services of a psychiatrist to render an opinion favorable to the defense. Defense counsel advised the court that he intended "to continue to seek [an opinion from an expert] as I see that to be [defendant's] best defense". The People objected on the ground that the case was scheduled for imminent trial and they would "require a substantial period of time to prepare for a psychiatric defense". The court granted the People's motion,

which was characterized as a motion "to preclude any psychiatric defense". On April 27, 1995, defense counsel asked the court to reconsider its preclusion order. Defense counsel still had not been able to retain an expert, but asked the court to allow defendant to present psychiatric testimony if counsel was able to find an expert. The court declined to reconsider its order.

Under certain circumstances, it may be an abuse of discretion for the court to preclude psychiatric testimony. *People v Oakes* (168 AD2d 893, 894, *lv denied* 78 NY2d 957) and *People v Burton* (156 AD2d 945, *lv denied* 75 NY2d 917), relied upon by defendant, are distinguishable from the present case because in those cases the defendants had failed to file timely notice of their intention to offer psychiatric testimony, but had experts prepared to testify at trial. Thus, the defendants were denied their Sixth Amendment right to present witnesses. That right, however, is not unlimited, and the court must balance "the prosecution's interests in an orderly trial and adherence to procedural rules with defendant's right to present witnesses at trial" (*People v Oakes, supra*, at 894). Here, the case was ready for trial and defense counsel had advised the court that he was unsuccessful in his efforts to locate an expert. Because this case had been pending for almost 18 months, the court's refusal to delay trial to allow defendant "to endlessly pursue an elusive witness" was not an abuse of discretion (*People v Foy*, 32 NY2d 473, 478; *see, People v Jackson*, 111 NY 362).

In his *pro se* supplemental brief, defendant contends that the court erred in failing to instruct the jury that criminal possession of a weapon in the third degree is an inclusory concurrent count of murder in the second degree and that criminal possession of a weapon in the fourth degree is an inclusory count of criminal possession of a weapon in the third degree. That contention is not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). We have considered defendant's remaining contentions, including those raised in the *pro se* supplemental brief, and conclude that they are without merit.

All concur except Callahan and Boehm, JJ., who dissent and vote to hold the case, reserve decision and remit the matter to Erie County Court for further proceedings in accordance with the following Memorandum.

Callahan and Boehm, JJ. (dissenting). We respectfully dissent. In our view, County Court violated the Sixth Amendment right of defendant to present witnesses by precluding him from attempting to present psychiatric evidence.

Defendant served the People with a CPL 250.10 notice of intention to offer psychiatric evidence. Dr. Brian Joseph, a psychiatrist, examined defendant at defense counsel's request. On March 31, 1995, about one month before trial commenced, defense counsel informed the court that after "exhaustive efforts" he had been unable to obtain the services of a psychiatrist to render a favorable opinion with respect to the defense of extreme emotional disturbance. Counsel stated that defendant could not use Dr. Joseph's testimony because it was unfavorable and that another psychiatrist changed his mind after promising to examine defendant. The Assistant District Attorney moved to preclude defendant from introducing psychiatric testimony on the grounds that trial was imminent and the People would need a substantial period of time to prepare for the rebuttal of the psychiatric defense and defendant's failure to locate a psychiatrist was a delaying tactic. The court precluded defendant from seeking further psychiatric testimony on the ground that, if defendant were successful in securing favorable testimony, the trial might be delayed.

On April 27, 1994, at a hearing on defendant's motions *in limine,* the court denied defense counsel's request that the court reconsider its ruling with respect to the preclusion of psychiatric testimony. At trial the People presented several witnesses, defendant testified on his own behalf, and Dr. Joseph testified for the People on rebuttal. Defendant was convicted of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]).

In determining whether the preclusion of a witness's testimony violates a defendant's Sixth Amendment right to present witnesses, the court must balance "the prosecution's interests in an orderly trial and adherence to procedural rules with defendant's right to present witnesses at trial" (*People v Oakes,* 168 AD2d 893, 894, *lv denied* 78 NY2d 957; *see, People v Burton,* 156 AD2d 945, *lv denied* 75 NY2d 917; *Ronson v Commissioner of Correction of State of N. Y.,* 604 F2d 176). In *People v Oakes (supra)* and *People v Burton (supra),* defendants failed to file timely notice of their intention to offer psychiatric testimony. In both cases, we reversed defendants' judgments of conviction on the ground that the trial courts had abused their discretion in refusing to allow defendants to introduce the testimony of a psychiatrist. Although defendant did not have a psychiatrist available to testify, the prejudice to him is even more pronounced than the prejudice to the defendants in *Oakes*

and *Burton*. Here, defendant concededly gave timely notice but, one month before trial, the court precluded him from obtaining testimony that could have been crucial to his defense. Further, the prejudice to defendant was compounded by the fact that, even though defendant was precluded from offering psychiatric testimony, the People were permitted to introduce the testimony of Dr. Joseph in rebuttal. Thus, we conclude that the court's speculation that the trial would be delayed if defendant secured favorable psychiatric testimony on his behalf is far outweighed by the prejudice to defendant in precluding him from obtaining testimony that could have been crucial to his defense.

Therefore, we would hold the case, reserve decision and remit the matter to Erie County Court to direct defendant's attorney to identify a psychiatrist willing to testify in support of defendant's defense of extreme emotional distress within 30 days of the court's order (*see generally, People v Castricone*, 224 AD2d 1019; *People v Bey*, 144 AD2d 972; *People v Arnold*, 113 AD2d 101). In the event that defendant is unable to find a psychiatrist within that time, we would affirm on the ground that defendant suffered no prejudice. If defendant is successful in finding a psychiatrist as a witness, we would reverse and grant defendant a new trial. (Appeal from Judgment of Erie County Court, LaMendola, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Callahan, Boehm and Fallon, JJ.