■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH P. KENNY, Appellant. [725 NYS2d 773] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]). We reject the contention of defendant that County Court abused its discretion in denying his motions on October 6, 1997 and October 17, 1997 to postpone the trial because of the death of an expert witness. Defendant had ample opportunity to prepare his defense (*see, People v Miller*, 239 AD2d 888, 889). Despite the fact that the trial was postponed for several months in July 1997 due to the illness of the expert, defendant did nothing to preserve that expert's testimony (*see*, CPL 660.10) or to retain another expert. When defendant informed the court on October 6, 1997 that the expert had died, he had two weeks before the commencement of trial to retain another expert and did not do so. Defendant never provided an explanation for his failure to retain another expert, and thus the record does not support his contention that he was prejudiced by the court's failure to adjourn the trial.

We also reject the contention of defendant that he was denied a fair trial by alleged bias exhibited by the court. Defense counsel was confrontational throughout the trial, and the court responded in an appropriate manner. "Most of the challenged conduct occurred outside the presence of the jury, and the court's instructions prevented any possible prejudice resulting from the remainder" (*People v Sheppard*, 257 AD2d 464, 465, *lv denied* 93 NY2d 979).

Defendant further contends that the court abused its discretion in granting the People's motion during trial to amend the first count of the indictment to conform to the proof that the blood alcohol level of defendant was determined by a chemical analysis of his blood rather than his breath. Defendant opposed the motion on the ground that the People are bound by the indictment. Pursuant to CPL 200.70 (1), an indictment may be amended to correct a typographical or clerical error "when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the

grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits." Defendant contends for the first time on appeal that the amendment changed the theory of the case as presented to the Grand Jury or otherwise prejudiced him. That contention therefore is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Finally, the court did not abuse its discretion in granting the pretrial motion of the People to introduce testimony during their case-in-chief concerning the operation of defendant's motor vehicle two hours before the accident (*see, People v Ventimiglia,* 52 NY2d 350, 359-360). Upon his arrest following the single-car accident, defendant admitted that he had been drinking but denied that he was the driver of the motor vehicle. No one else, however, was found at the scene. The testimony that the People sought to introduce was admissible to rebut the claim of defendant that he was not the driver of the motor vehicle at the time of the accident (*see, People v Wells,* 186 AD2d 867, 868-869). Defendant's further contention that the evidence was received at trial without a proper foundation is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Bristol, J.— Felony Driving While Intoxicated.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Burns, JJ.