People v Osman (2023 NY Slip Op 00581)

People v Osman

2023 NY Slip Op 00581

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

936 KA 14-00786

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MUSTAF OSMAN, DEFENDANT-APPELLANT. 

REBECCA L. WITTMAN, ONEIDA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN A. ESSWEIN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered February 27, 2014. The judgment convicted defendant upon a jury verdict of attempted criminal possession of a weapon in the second degree, arson in the fifth degree, and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, a new trial is granted on counts one, two and three of the indictment and the matter is remitted to Oneida County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [1] [b]), arson in the fifth degree (§ 150.01) and resisting arrest (§ 205.30), arising from an incident in which defendant was observed, inter alia, throwing and burning miniature American flags that were staked in the ground.
We agree with defendant that, as the People correctly concede, County Court erred in charging the jury with respect to the presumption set forth in Penal Law § 265.15 (4) concerning the possession of weapons, i.e., that the possession by any person of any weapon is presumptive evidence of intent to use the same unlawfully against another. Pursuant to the statute, that presumption applies only where the defendant possesses the weapon in question (see Penal Law § 265.15 [4]; People v Galindo, 23 NY3d 719, 724 [2014]). Here, the People did not proceed on any theory that defendant had possession of the weapon at issue. We further conclude that the error is not harmless inasmuch as defendant's intent, or lack thereof, in "participating in the incident was the vital issue at trial" (People v Getch, 50 NY2d 456, 465 [1980]).
We also agree with defendant that the court abused its discretion by precluding defendant from calling a proposed witness at trial, namely, a nurse practitioner who treated him at the Mohawk Valley Psychiatric Center prior to the incident, on the grounds that her testimony was not relevant and that defendant failed to give timely notice under CPL 250.10 (1) (c). It is well settled that "[a criminal] defendant has a fundamental right to call witnesses in his [or her] own behalf" (People v Palmer, 272 AD2d 891, 891 [4th Dept 2000]). Here, defendant established that the proposed witness would have provided relevant testimony with respect to his defense and also established good cause for the delay in the notice, and the People failed to establish any prejudice (see generally People v Oakes, 168 AD2d 893, 893-894 [4th Dept 1990], lv denied 78 NY2d 957 [1991]; People v Burton, 156 AD2d 945, 945-946 [4th Dept 1989], lv denied 75 NY2d 917 [1990]). We further conclude that the error is not harmless (see People v Crimmins, 36 NY2d 230, 237 [1975]). Based on the two errors discussed above, we reverse the judgment and grant a new trial on counts one, two and three of the indictment.
Because we are granting a new trial, we address one of defendant's remaining contentions in the interest of judicial economy. Defendant contends that the court erred in denying his pretrial application for $1,800 for an expert psychologist who would render an opinion whether, inter alia, defendant was able to form the requisite intent to commit the crimes charged due to his [*2]mental illness (see County Law § 722-c). We agree. "Pursuant to County Law § 722-c, upon a finding of necessity, a court shall authorize expert services on behalf of a defendant, and only in extraordinary circumstances may a court provide for compensation in excess of $1,000 per expert" (People v Micolo, 171 AD3d 1484, 1485-1486 [4th Dept 2019], lv denied 35 NY3d 1096 [2020]). Here, we conclude that the court abused its discretion by denying defendant's application on the sole ground that defendant had a retained attorney (see generally People v Clarke, 110 AD3d 1341, 1342 [3d Dept 2013], lv denied 22 NY3d 1197 [2014]). We therefore further direct that the matter be remitted to County Court to reconsider prior to trial defendant's application for funds pursuant to County Law § 722-c.
In light of our determination, we do not address defendant's remaining contention.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court