Bergan, J.
Defendant was convicted, after trial, of murder in the first degree, attempted murder in the first degree and attempted robbery, first degree. His plea to the indictment was not guilty on the ground of insanity. The People’s proof of commission of the acts charged was fully adequate and, indeed, its sufficiency is not now in dispute. The issue of his sanity at the time of commission of the crimes was fully developed and submitted on the basis of psychiatric opinion.
The problem presented is the procedure to be followed in remanding the case for an adversary inquiry and determination of the mental capacity of defendant at the time of trial. This concerns his ability to understand the nature of the charges on which he was being tried and involves the effect on the New York practice of Pate v. Robinson (383 U. S. 375 [1966]) decided after the affirmance of the judgment in this case at the Appellate Division.
The People concede that under this decision of the Supreme Court there must be a remand to allow this inquiry to be made; the question is whether there should be a new trial as well, as the defendant suggests, of the issue of guilt or innocence, or whether the new inquiry should be directed only to a determination of defendant’s capacity at the time of his trial in October, November and December, 1963.
The Illinois procedure considered in Pate (supra) provides for the trial of the issue of the competency of defendant to understand the nature of his defense before a “ sanity jury ”. Under the New York practice this issue is determinable by a Judge (Code Crim. Pro., §§ 662-a, 662-c).
The decision in Dusky v. United States (362 U. S. 402 [1960]), which turned on Federal procedure, does not invalidate a New York procedure which will afford the accused full and impartial determination of his mental condition at the trial, i.e., whether defendant ‘ ‘ is not in such state of idiocy, imbecility or insanity as to be incapable of understanding the charge against blm or the proceedings or of making his defense ” (Code Crim. Pro., § 662-c).
In the remand now to be directed all the constitutional safeguards which would have been available before the trial began, or during its progress, can be afforded in an inquiry before the court.
*140 The psychiatrists who made the medical examination of defendant addressed to his mental capacity at the time of trial can testify; the other medical witnesses who contemporaneously examined defendant as to his sanity at the time of the crime can testify as to their opinion as to his capacity at the trial; trial counsel for defendant, who asserted their difficulty in communicating with him, can testify as to the facts of their experience; and other contemporaneous observations by persons who saw him may be relevant.
On this issue the testimony of the Trial Judge as to his observations and his acquaintance with the assertions by trial counsel of difficulty in communication may become germane; and since this should not be left solely to the memory and the subjective processes of the Trial Judge, as. it would be if he were himself to try the issue, it seems preferable to send the inquiry to another Judge of the court.
The case differs, therefore, from Pate (supra) in essential respects. The availability of medical proof related to conditions at the initiation and during the progress of the trial, and of the close observations of witnesses who, from different points of vantage, observed defendant and could describe his conduct, makes it possible to afford a plenary inquiry into his competency at the time of trial. The issue would not here be left, as it was in Pate, to opinions based on reading a printed record. All the safeguards of a concurrent determination would thus be preserved.
The other arguments addressed to the judgment do not require reversal. The charge as a whole was fair and adequate and no exception was taken to the contention now made about it. The sending of the “verdict chart” to the jury does not require reversal. The exception taken was merely that it was difficult to understand, an argument not pursued on appeal. Its submission was not unfair to defendant and, whatever may be said about the practice of sending a jury charts, it was not substantial error (cf. People v. Monat, 200 N. Y. 308, 313).
Thus, in conformity with the court’s practice under Huntley (People v. Huntley, 15 N Y 2d 72), the case should be remanded to the trial court, but before another Judge, for a determination of defendant’s mental capacity at the time of trial; and if this is found favorably to the People, the judgment should be affirmed.
*141 Chief Judge Fold and Judges Van Voobhis, Bubiie, Scileppi and Keating concur; Judge Bbeitel taking no part.
Judgment modified by remanding the case to the Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.