■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERVUN L. ARMLIN, Appellant. — Appeal, by permission from an order of the County Court of Fulton County (Albanese, J.), entered October 7, 1981, which denied, without a hearing, defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of rape in the first degree. A judgment was rendered in Fulton County Court on March 5, 1973 convicting defendant upon his plea of guilty of the crime of rape in the first degree. This court's affirmance of that judgment (43 AD2d 782) was modified by the Court of Appeals and the matter remitted to the Fulton County Court "for a proper determination of defendant's mental capacity at the time of sentencing; and if this is found favorably to the People, the order should be affirmed (see *People v Hudson,* 19 NY2d 137)" (37 NY2d 167, 173). The basis for the action taken by the Court of Appeals was defendant's examination by only one qualified psychiatrist, instead of the statutorily required two (CPL 730.20, subd 1), following the initiation of proceedings pursuant to CPL article 730 by order of the trial court. Upon remittal, the trial court was unsuccessful in its attempt to comply with the directive issued by the Court of Appeals. The reason for this failure, as

expressed in the reports of two psychiatrists who had been directed to examine defendant, was the inability of psychiatrists examining defendant during 1975 and 1976 to express any opinion regarding defendant's mental capacity at the time he was originally sentenced in 1973. Feeling that it would be pointless to subject defendant to further psychiatric examination, the People joined in a motion made by defense counsel to vacate the judgment of conviction. The trial court granted the motion to vacate and the case was again placed on the calendar for trial *de novo*. A new order directing psychiatric examinations pursuant to CPL article 730 into defendant's capacity to stand trial was entered. Both psychiatrists who examined defendant found him mentally competent to stand trial. Following the denial of his motion to suppress certain statements that he had made, defendant pleaded guilty to the crime of first degree rape in full satisfaction of the five-count indictment. In accepting the plea, the trial court stated that it found defendant to be "alert and intelligent", capable of "understand[ing] the nature of the charges" and "the consequences of a guilty plea". Defendant received an indeterminate sentence having a 10-year maximum on March 15, 1977 from which he did not appeal. Four years later, on May 13, 1981, defendant moved pursuant to CPL 440.10 to vacate his conviction. The basis for the motion was defendant's contention that his constitutional rights had been denied in that he was incapable of understanding or participating in the proceedings which resulted in the judgment by reason of mental disease or defect (CPL 440.10, subd 1, pars [e], [h]). The trial court denied the motion and permission to appeal was granted by a Justice of this court. When the Court of Appeals remitted the initial proceeding to the trial court for a hearing pursuant to *People v Hudson* (19 NY2d 137, cert den 398 US 944), an attempt was made to avoid a retrial and preserve those proceedings already conducted. Had the hearing into defendant's mental capacity at the time of sentencing shown that he was competent to understand and participate in the proceedings, the judgment of conviction based upon defendant's plea would have remained intact. If the hearing had indicated that defendant lacked the requisite mental capacity, the conviction would have been reversed and a new trial ordered. Once it became apparent that the letter of the Court of Appeals decision could not be followed, the trial court complied with the spirit of the decision by granting defendant the relief to which he would have been entitled had the hearing been resolved in his favor, i.e., a new trial. We reject defendant's contention that the trial court acted improperly in refusing to hold a *Hudson* hearing. To the contrary, the trial court acted in a manner which protected defendant's rights once it became obvious that a *Hudson* hearing, in literal compliance with the directive issued by the Court of Appeals, could not be held due to the impossibility of obtaining psychiatric data concerning defendant's mental capacity at the time of sentencing. Once the proceedings against defendant began *de novo,* there was no error in the manner in which the trial court handled the competency issue. Proceedings pursuant to CPL article 730 resulted in reports from two psychiatrists indicating that defendant possessed the mental capacity necessary to stand trial. Neither defense counsel nor the District Attorney moved for a competency hearing. It was thus within the trial court's discretion to hold such a hearing (CPL 730.30, subd 2) and we find no abuse thereof in the decision to proceed without one. As recited by the trial court upon acceptance of defendant's plea, defendant appeared fully competent and exhibited no outward manifestations of psychiatric difficulties. Defendant's prior psychiatric problems, more than three years prior to the *de novo* proceedings, did not require the trial court to hold a competency hearing as a matter of law. The final issue requiring our attention on this appeal is defendant's argument that his retrial violated

constitutional principles against double jeopardy. Since the trial court's order vacating defendant's initial judgment of conviction did not contemplate an end to all prosecution of defendant for the offense charged and was the functional equivalent of a mistrial (*Matter of De Canzio v Kennedy*, 67 AD2d 111, 116, mot for lv to app den 46 NY2d 709), jeopardy principles did not prevent reprosecution of defendant in the instant case (see *Drope v Missouri*, 420 US 162, 183; *Pate v Robinson*, 383 US 375, 386-387; *Dusky v United States*, 362 US 402, 403). Accordingly, the order denying defendant's motion to vacate should be affirmed. Order affirmed. Mahoney, P. J., Sweeney, Main, Weiss and Levine, JJ., concur.