■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. VALLELUNGA, Appellant. — Appeal from a judgment of the County Court of

Rensselaer County (Dwyer, Jr., J.), rendered May 18, 1982, convicting defendant upon his plea of guilty of the crime of assault in the second degree. ¶ Defendant was indicted for assault in the second degree arising out of the stabbing of a neighbor with a knife. He was arraigned in County Court on December 14, 1981 and entered a plea of not guilty. By order dated February 1, 1982, County Court directed the Rensselaer County Director of Community Health Services to cause an examination to be made of defendant to determine his mental capacity to stand trial. Pursuant to that order, defendant was examined by a qualified psychiatrist who then issued a report. The report described defendant's prior and current history of treatment for mental illness but found him competent to stand trial. The record contains no similar report by a second psychiatrist, nor any indication that any second examination was conducted. Subsequently, defendant pleaded guilty as charged and was sentenced to a term of imprisonment of from two to six years. ¶ The only issue on appeal is what, if any, effect should be given to the absence of an examination and report of findings by a second psychiatrist, as required by CPL 730.20 (subd 1). In this respect, the case parallels *People v Armlin* (37 NY2d 167), which held that a conviction cannot stand if preceded by an inquiry into competency under CPL article 730 when only a single psychiatrist has examined the accused and rendered a report. The District Attorney attempts to distinguish *Armlin* on the basis of the absence in the record here of any expression of opinion by the trial court that defendant may have been incapacitated to stand trial. Such a finding is the statutory trigger to mandate ordering the examinations (CPL 730.30, subd 1), and was expressly made by the trial court in *Armlin.* We note that the presentence report here describes several acute psychotic episodes and a prior evaluation of defendant as incompetent to stand trial on charges pending in 1979, as well as the fact that defendant remained under treatment during the pendency of the instant indictment. This amply justified County Court in *sua sponte* directing defendant's competency examination. Irrespective of whether the court was mandated to order the examination by reason of defendant's condition, however, the record is absolutely clear that it in fact did initiate the statutory inquiry under article 730 (its order so states). Having done so, *People v Armlin (supra)* teaches that compliance with the requirement of reports from two examining psychiatrists was mandatory. Once CPL article 730 was invoked, it was incumbent upon County Court to adhere carefully to its statutory provisions (*id.,* at pp 170-172). Therefore, determination of this appeal must be withheld and the matter should be remitted to County Court for a hearing in accordance with *People v Hudson* (19 NY2d 137), but before another Judge (see *People v Armlin, supra,* p 173). ¶ Decision withheld, and matter remitted to County Court of Rensselaer County for further proceedings not inconsistent herewith. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.