■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. VALLELUNGA, Appellant. — Motion for reargument of a decision of this court, dated April 5, 1984, which withheld decision of an appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered May 18, 1982.

When this case was previously before us (101 AD2d 603), it was determined that the matter was governed by *People v Armlin* (37 NY2d 167) which held that a conviction cannot stand if preceded by an inquiry into competency under CPL article 730 when only a single psychiatrist has examined the accused and rendered a report. Since only one psychiatrist examined defendant in the instant case prior to his plea of guilty, we withheld determination of the appeal and remitted the matter to County Court for a hearing before another Judge in accordance with *People v Hudson* (19 NY2d 137).

Subsequent to our decision, extensive negotiations transpired between the District Attorney's office and defense counsel resulting in an agreement whereby defendant's conviction would be vacated and the indictment against him reinstated. Defendant would then be arraigned and examined by two psychiatrists, as required by CPL article 730, and if found presently competent to stand trial he would enter a plea of guilty to the indictment and would receive an agreed-upon sentence of 1⅓ to 4 years in State prison. If found not competent to stand trial at this time, further proceedings consistent with CPL article 730 would ensue. This plea bargain, which was approved by the Acting County Court Judge, was apparently reached after it was mutually concluded that an inquiry by another psychiatrist into defendant's competence at the time he entered his plea in March, 1982 would, under the circumstances, not be feasible.

Defense counsel has now moved for reargument of our prior decision and requests an order reversing the judgment of conviction and remitting the matter to the trial court for effectuation of the plea bargain. The People do not oppose this motion.

Motion for reargument granted; decision dated April 5, 1984 rescinded; and, on reargument, judgment reversed, on the law, and matter remitted to the County Court of Rensselaer County (Travers, J.), for further proceedings not inconsistent herewith. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.