■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MULHOLLAND, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 7, 1985, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

On November 4, 1983, defendant allegedly attempted to murder his girlfriend by stabbing her several times and slashing her neck with a knife. Shortly thereafter he was arrested and charged with the crime of assault in the first degree. Following his arraignment before the Police Court of the City of Troy, that court ordered a competency examination of defendant (see, CPL art 730). CPL 730.20 (1) provides that examinations of a defendant's mental competency are to be conducted by two experts. Here, however, after only one

examination had been conducted, jurisdiction of the case was removed to County Court by the filing of an indictment accusing defendant of the crime of attempted murder in the second degree. The one psychiatrist who had examined defendant found him competent to stand trial and that report was forwarded to County Court.

On November 19, 1984, defendant chose to plead guilty to the crime charged in the indictment. In exchange for his guilty plea, the prosecution agreed not to proceed against defendant as a persistent felony offender and to recommend that defendant be sentenced, as a second felony offender, to an indeterminate prison term of 10 to 20 years. Defendant was subsequently sentenced in accordance with the terms of the plea bargain. This appeal ensued.

Defendant contends that County Court's failure to provide him with an examination by two psychiatrists, as required by CPL 730.20 (1), deprived him of his right to a full and impartial determination of his mental capacity to stand trial. It is well established that once County Court has ordered a competency examination, both of the required examinations must be conducted (see, People v Armlin, 37 NY2d 167; People v Vallelunga, 101 AD2d 603). In People v Armlin (supra, at 172), the Court of Appeals stated that "[o]nce the procedure mandated by CPL article 730 [has] been invoked, the defendant [is] entitled to a full and impartial determination of his mental capacity". The court further noted that the defendant does not waive his right to the mandated competency proceedings by pleading guilty (supra).

The People seek to distinguish the case at bar by pointing out that the examinations were ordered by Police Court and, before the examinations were completed, an indictment was filed against defendant and jurisdiction of the matter was transferred to County Court. Specifically, the People rely on that part of CPL 730.40 (4) which states that "[w]hen an indictment is filed against a defendant after a local criminal court has issued an order of examination and before it has issued a final or temporary order of observation, the defendant must be promptly arraigned upon the indictment, and the proceedings in the local criminal court shall thereupon *terminate for all purposes*" (emphasis supplied). If this were all that the statute had to say about the matter, the People's position could be acceptable. However, the same paragraph of the statute continues, providing that: "If the director [of the hospital (see, CPL 730.10)] has submitted the examination reports to the local criminal court, such court must forward

them to the superior court in which the indictment was filed. If the director has not submitted such reports to the local criminal court, he *must* submit them to the superior court in which the indictment was filed" (CPL 730.40 [4] [emphasis supplied]). The mandatory nature of the language employed, together with the fact that examinations initiated at the local criminal court level are to be provided to the superior court regardless of whether they have been provided to the local court, indicates the Legislature's intent that once a competency examination is ordered it must be followed through in strict compliance with the statute. Accordingly, the People's argument must be rejected and County Court's failure to procure and consider a second examination of defendant is deemed to have been error.

Having concluded that the failure to comply with the requirement that reports from two examining psychiatrists be considered was error, the next issue is whether the judgment must be reversed. Defendant urges this court to vacate his plea due to the alleged sparsity of mental health professionals, other than the one who conducted the single examination, who had direct contact with him before sentencing *(cf., People v Lowe,* 109 AD2d 300, 305). The record indicates, however, that defendant was under psychiatric care and spent time at Central New York Psychiatric Center due to suicide attempts following his arrest. The case should thus be remitted to County Court for a proper determination of defendant's mental capacity at the time of the plea, and, if this is found favorably to the People, the judgment should be affirmed *(see, People v Armlin, supra,* at 173; *People v Hudson,* 19 NY2d 137, 140, *cert denied* 398 US 944; *People v Vallelunga, supra,* at 604).

We note that the further arguments raised by defendant on this appeal are meritless. Defendant was properly sentenced as a second felony offender. Defendant's Texas conviction for arson was not only uncontroverted by him, but it was also admitted by him as part of the plea bargain. Further, defendant has failed to show any extraordinary circumstances or an abuse of discretion by County Court which would justify a reduction of his sentence *(see, People v Harris,* 57 AD2d 663).

Decision withheld, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent herewith. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.