THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY GRAHAM, Also Known as MAHDI TALIB et al., Appellant.

Third Department, May 7, 1987

**APPEARANCES OF COUNSEL**

*David M. Kaplan* for appellant.

*Michael Kavanagh, District Attorney (Joan Lamb* of counsel), for respondent.

**OPINION OF THE COURT**

MAHONEY, P. J.

On April 6, 1984, defendant and William Pretorius were staying at the Dai Bosatsu Zen Buddhist Monastery, located in Turnwood, Ulster County. Pretorius was pursuing an intensive three-month course of study. Defendant was a probationer whose behavior was being evaluated to determine if he should be allowed to stay at the monastery for an extended length of time. At approximately 4:00 A.M. on April 6, 1984, defendant assaulted Pretorius in his room with a masonry hammer,

inflicting lacerations to his head requiring 25 stitches. Defendant fled from the monastery driving a truck belonging to another resident.

Defendant was apprehended and subsequently indicted for burglary in the first degree (two counts), assault in the second degree, criminal possession of a weapon in the third degree and unauthorized use of a motor vehicle in the first degree (four counts). Before trial, County Court ordered a psychological examination of defendant pursuant to CPL article 730 in order to determine his competency to stand trial. No such examination was held and subsequently, after trial, a jury found defendant guilty of both burglary counts and one count of each of the other crimes in the indictment.

■ If it appears to the court that a defendant may, as a result of mental disease or defect, lack capacity to understand the proceedings against him or to assist him in his own defense, it is the duty of the court to direct him to be examined in these respects (CPL 730.10 [1]; 730.30 [1]). In this matter, County Court deemed such an examination to be necessary and issued an order directing the Director of Community Health Services for Ulster County to conduct an examination of defendant pursuant to CPL article 730. Since it appears from the record that the court's order directing examination of defendant pursuant to CPL article 730 was not followed in that only one examination, rather than two as required by statute, was attempted, and no psychiatric evaluation reports were filed with the court, there was substantial noncompliance with defendant's due process rights *(see, People v Armlin,* 37 NY2d 167; *People v Mulholland,* — AD2d —). Therefore, the sole issue is whether this violation requires reversal of the conviction or, in the alternative, a reconstruction hearing.

We reject the People's contention that defendant was entitled to neither because he alone is responsible for the inability to comply with County Court's mandate. A defendant is incapable of effecting a waiver of his rights to have his competency determined *(Pate v Robinson,* 383 US 375). The United States Supreme Court has held that "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial" *(supra,* at 384; *see, People v Sinatra,* 89 AD2d 913). In our view, County Court erred in not following through with its determination of defendant's competency pursuant to CPL article 730.

Because it appears that at least one competency examination took place and the record suggests that defendant may have been examined in conjunction with a prior manslaughter conviction, it should be possible to reconstruct defendant's mental capacity at the time of trial by means of contemporaneous observation and records *(see, People v Armlin,* 37 NY2d 167, *supra; People v Gonzalez,* 20 NY2d 289, *cert denied* 390 US 971; *People v Hudson,* 19 NY2d 137, *cert denied* 398 US 944). Also, a relatively short period of time has elapsed in this case since the trial was commenced in December 1984 *(see, People v Gonzalez, supra).* Further, defendant actually stood trial so there are numerous witnesses to his behavior in court *(see, People v Lowe,* 109 AD2d 300, 306). Therefore, we conclude that the case be remitted and that a hearing be held by a Judge other than the Trial Judge at which, testimony of defense counsel and the Trial Judge, among others, be taken *(see, People v Wright,* 105 AD2d 1088).

■ Turning to the merits, defendant urges that County Court erred in failing to dismiss the convictions for assault in the second degree and possession of a weapon in the third degree as lesser included offenses of the two counts of burglary in the first degree. Dealing first with the assault conviction, it is theoretically possible to commit burglary predicated on causing physical injury (Penal Law § 140.30 [2]) without also committing assault because the element of "intent to cause injury" is not necessary to satisfy the burglary statute but must be present to satisfy the assault statute (Penal Law § 120.05 [2]). Since it is possible to commit burglary without also, by the same conduct, committing assault, assault does not qualify as a lesser included offense *(see, People v Glover,* 57 NY2d 61).

■ Defendant also maintains that the possession of a weapon charge should have been dismissed as a lesser included offense of the other burglary count. The subdivision of the burglary statute involved here requires that the defendant "[use] or [threaten] the immediate use of a dangerous instrument" (Penal Law § 140.30 [3]). The possession of a weapon statute requires proof that the defendant possess "any * * * dangerous or deadly instrument or weapon with intent to use the same unlawfully against another" (Penal Law § 265.01 [2]). Since one could threaten the immediate use of a dangerous instrument without actually possessing it, one could commit burglary without also committing possession of a weapon. Further, the Court of Appeals has expressly held that posses-

sion of a weapon is not a lesser included offense of the subdivision of the first degree robbery statute (Penal Law § 160.15 [3]), which contains the same language used in the burglary statute, i.e., "[use] or [threaten] the immediate use of a dangerous instrument" *(see, People v Perez,* 45 NY2d 204). Thus, fourth degree possession of a weapon* is not a lesser included offense of first degree burglary as defined by Penal Law § 140.30 (3).

WEISS, MIKOLL, LEVINE and HARVEY, JJ., concur.

Decision withheld, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent herewith.

---

* Defendant was actually convicted of third degree criminal possession of a weapon since he had a prior felony conviction (Penal Law § 265.02 [1]). Since we hold that fourth degree criminal possession of a weapon is not a lesser included offense of the burglary charge at issue, we need not reach defendant's argument that the issue of whether a crime is a lesser included offense should not be affected by the inclusion in the lesser crime of an element such as a prior felony conviction which bears no relation to the facts constituting the crime.