(November 13, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY C. DECKER, Appellant.—Mahoney, P. J. Defendant moves, pursuant to *People v Bachert* (69 NY2d 593), for a writ

of error coram nobis upon the ground that he was denied the effective assistance of counsel on his appeal from a judgment of Albany County Court convicting him of rape in the first degree.

On December 8, 1977, defendant was arraigned in the Village Court of the Village of Altamont, Albany County, on a charge of first degree rape. At that time, the Village Justice ordered a competency examination of defendant (CPL art 730). Soon thereafter, jurisdiction was transferred to Albany County Court where, on December 13, 1977, defendant waived indictment (CPL 195.10) and pleaded guilty to rape in the first degree. Apparently, on December 15, 1977, defendant was examined by one psychiatrist who found him competent to stand trial (see, CPL 730.30). However, it does not appear that defendant was ever examined by a second psychiatrist as required by CPL 730.20 (1). On December 29, 1977, defendant was sentenced upon his plea to an indeterminate term of imprisonment of 12½ to 25 years.

On July 26, 1979, this court affirmed defendant's conviction (*People v Decker*, 71 AD2d 841). In March 1986, defendant moved in County Court to vacate the judgment of conviction (CPL 440.10) on the ground that there was a failure to comply with CPL 730.20 since there was no second psychiatric examination. County Court denied the motion on the ground that such issue could have been raised on the direct appeal from the judgment of conviction. Leave to appeal from County Court's order was denied by a Justice of this court. In September 1987, defendant made the instant application.

The Court of Appeals has held that the proper vehicle for raising the claim that a defendant's appellate counsel was ineffective is a motion to the appellate court for a writ of error coram nobis (*People v Bachert, supra*). It has been held that appellate counsel need not raise every nonfrivolous point urged by a defendant (*Jones v Barnes*, 463 US 745). "Reasonable professional judgments by appellate attorneys as to what are the most promising issues on appeal should not be second-guessed" (*People v Ramos*, 108 AD2d 209, 213; *see, People v Waters*, 123 AD2d 798). Thus, while the unexplained failure of an appellate attorney to raise an issue which would likely have resulted in a reversal or modification is a ground for the granting of a coram nobis application by the appellate court, such remedy may not be used simply to raise issues which, in hindsight, might arguably have had some merit.

Turning to the instant case, it is settled that once the procedure mandated by CPL article 730 has been invoked, the

defendant is entitled to "a full and impartial determination of his mental capacity" *(People v Armlin,* 37 NY2d 167, 172). Where a competency examination has been ordered, both of the examinations required by CPL 730.20 must be conducted *(People v Graham,* 127 AD2d 443). This mandate is unaffected by the fact that the competency examination was ordered by a local criminal court and jurisdiction was subsequently transferred to a superior court *(see, People v Mulholland,* 129 AD2d 857), that one examination was conducted and it found the defendant competent to stand trial *(see, supra; People v Graham, supra)* or that defendant ultimately pleaded guilty *(see, People v Armlin, supra; People v Mulholland, supra).* However, reversal of the conviction is not generally the remedy in these situations. Courts have withheld decision and ordered a reconstruction hearing to determine the defendant's mental capacity at the time of the plea or trial by means of contemporaneous observation and records *(see, e.g., People v Armlin, supra; People v Hudson,* 19 NY2d 137; *People v Mulholland, supra; People v Graham, supra; People v Weech,* 105 AD2d 1085). Only where a great length of time had elapsed since the plea or trial and there was no opportunity to observe defendant's behavior at trial is a reversal appropriate *(see, People v Lowe,* 109 AD2d 300, 305-306, *lv denied* 67 NY2d 653).

In defendant's case, had this issue been raised on the direct appeal, we surely would have ordered a reconstruction hearing. The one psychiatric report stated that defendant was competent to stand trial. The appeal was heard in May of 1979, which was about 1½ years after the guilty plea. Thus, there was no great lapse of time which would have rendered a reconstruction hearing unavailing. Further, there were individuals available who could have testified regarding their observations of defendant. Therefore, had this issue been raised on the direct appeal, the most that defendant would have been entitled to was a reconstruction hearing. By waiting eight years before bringing this matter to the court's attention, defendant has made a reconstruction hearing impossible. It is unclear whether there is any evidence currently available to shed light on the issue of defendant's competence at the time of the plea, except for the one psychiatric report which concluded that he was competent.* Defendant should not, through his own delay in raising the issue, obtain more relief than he would have been entitled to. Therefore, based

---

* It appears that the Judge who ordered the competency examination is now deceased.

on the facts of this case, we conclude that the application for a writ of error coram nobis should be denied.

Application for writ of error coram nobis denied. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.

