■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MULHOLLAND, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 7, 1985, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

When this case was previously before us, we withheld decision and remitted the matter to County Court for a hearing as to defendant's mental capacity at the time he pleaded guilty to attempted murder in the second degree (129 AD2d 857). This hearing was conducted by the court (Ceresia, J.), in March 1988. After considering the testimony and evidence before it, County Court found that defendant was competent at the time he pleaded guilty. The matter is now back before this court for review of that determination.

Defendant contends that the evidence at the hearing was insufficient for County Court to find that defendant was competent at the time he pleaded guilty. At a hearing on remittal to determine competency, it is appropriate to call the psychiatrists who had examined the defendant, the Trial Judge and the defendant's attorney *(People v Hudson,* 19 NY2d 137, *cert denied* 398 US 944). Here, the People called the following five witnesses: Dr. Bernardo Gaviria, the psychiatrist who had originally examined defendant pursuant to the local court's order under CPL article 730; Dr. Jong Soo Sohn, who had examined defendant during his stay at Central New York Psychiatric Center; County Judge M. Andrew Dwyer, Jr., who had presided over defendant's arraignment, plea and sentencing; and Arthur Glass, Jr., and Randolph Treece, the attorneys who had represented defendant between his arrest and plea.

Gaviria testified that he had conducted approximately 400 competency examinations. He testified as to the tests per-

formed in making that determination. He further testified from personal knowledge that these tests had been performed on defendant and that based on these tests he believed defendant was competent to stand trial. Sohn was unable to recall defendant's case specifically, but, in referring to his records, he related that he believed defendant was competent and provided the underlying reasons for his determination. Also received into evidence were Gaviria's original competency report on defendant and a report from three doctors based on defendant's stay at Central New York Psychiatric Center. Dwyer testified regarding defendant's appearances before him and stated that he did not notice anything indicating defendant was incompetent to stand trial. The testimony of Glass and Treece was severely restricted by County Court's rulings based on the attorney-client privilege. We do not address whether the rulings with respect to the attorney-client privilege were proper since we agree with County Court that the other evidence submitted adequately established that defendant was competent at the time he pleaded guilty. Unlike the case relied upon by defendant *(People v Weech,* 116 AD2d 975), here a sufficient evidentiary base was established for the opinions of the witnesses. Since defendant was competent at the time he pleaded guilty, the judgment of conviction should be affirmed.

Judgment affirmed. Casey, J. P., Weiss, Mikoll and Harvey, JJ., concur.