(November 1, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDY WOLFE, Appellant. [731 NYS2d 821] —Carpinello, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered April 17, 1998, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant was charged in a four-count indictment with the crimes of criminal possession of a controlled substance in the third degree, conspiracy in the fourth degree, criminally using drug paraphernalia in the second degree and endangering the welfare of a child. Represented by the Public Defender, defendant originally chose to go to trial. On March 3, 1998, however, the date of the scheduled *Huntley* and *Mapp* hearings, defendant informed County Court that she wished to enter an *Alford* plea of guilty to the reduced charge of criminal possession of a controlled substance in the fifth degree in full satisfaction of the indictment. County Court conducted a lengthy colloquy to determine whether defendant's plea was knowing and voluntary, informing her of the strong evidence of her guilt of the charged crimes and noting that if she were to proceed to trial and be found guilty of the crime of criminal possession of a controlled substance in the third degree, she could be sentenced to a prison term of 8⅓ to 25 years. The court then accepted defendant's guilty plea and scheduled a sentencing hearing. On the date thereof, defendant informed County Court that she had decided to withdraw her guilty plea and proceed to trial, arguing that the agreed-upon sentence of 2 to 6 years was excessive due to her status as a drug addict at the time the charged crimes were committed. County Court denied the request and proceeded to impose the agreed-upon sentence. Defendant has served the minimum two-year term of her sentence and has been released. She appeals from the judgment of conviction.

We affirm. Defendant, facing a strong case against her and a potential sentence of 8⅓ to 25 years in prison, entered an *Alford* plea. The record shows said plea to have been knowingly, intelligently and voluntarily made with a full understanding of its consequences thus rendering the plea valid (*see, People v Ruger*, 279 AD2d 795, 796, *lv denied* 96 NY2d 806). Therefore, we find that County Court did not abuse its discretion when it denied defendant's request to withdraw her plea.

In addition, we are unpersuaded by defendant's assertions

that the Public Defender failed to provide her with effective assistance of counsel, as evidenced by an alleged failure to participate in *Huntley*, *Mapp* and *Sandoval* hearings. Defense counsel had filed an omnibus pretrial motion which was duly granted by County Court. The *Huntley* and *Mapp* hearings were scheduled to take place on the date when defendant elected to enter her *Alford* plea while the *Sandoval* hearing was scheduled to take place immediately prior to the start of her trial. As these hearings were canceled after they had been rendered moot by defendant's plea, she cannot now complain that her right to effective assistance of counsel was violated because they were not held.

Defendant's remaining contentions have been examined and found to be either unpreserved for our review or without merit.

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.