■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RODRIGUEZ, Appellant. [776 NYS2d 105]—

Rose, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered March 5, 2002, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree.

Defendant was indicted and charged with murder in the second degree, conspiracy in the second degree and criminal possession of a weapon in the second degree as a result of his admitted, execution style shooting of a member of his gang, the upstate Latin Kings, on July 1, 2001. Defendant was arraigned on July 17, 2001 and, on August 3, 2001, County Court set November 13, 2001 as the date for joint trial of defendant and his alleged coconspirators.

On September 12, 2001, shortly after County Court advanced the trial date to November 7, 2001, defense counsel requested and received an order authorizing defendant's evaluation by

Steven Altschuler, a psychologist. Although defendant was examined twice by Altschuler over the next two weeks, Altschuler was unable to conclude his assessment without a neurological examination because defendant had several self-reported untreated head injuries. On September 25, 2001, County Court authorized such an examination and directed submission of an order.

On September 28, 2001, simultaneous with its written decision to sever defendant's case, County Court advanced the trial date by two weeks to October 24, 2001 over defense counsel's objection. On October 11, 2001, defense counsel submitted the proposed order for the neurological examination; five days later the court told him that it would not sign the order as presented and directed submission of additional information. On that same day, defense counsel moved in writing for an adjournment of the trial so that the neurological and psychological evaluations could be completed. In his affidavit in support of the motion, defense counsel detailed his attempts to contact several neurological groups to no avail. One neurologist, however, initially represented that he might be able to examine defendant but, after reviewing his schedule, declined to do so due to time constraints imposed by the impending trial date. Although the People took no position on the motion, County Court denied an adjournment based on its observations that defendant had not filed a notice of intent to present psychiatric evidence and failed to present an affidavit of either himself or a psychologist asserting facts supporting a defense of mental disease or defect.

Following a jury trial, at which he relied solely on the affirmative defense of duress (see Penal Law § 40.00), defendant was convicted of the charges of murder in the second degree and criminal possession of a weapon in the second degree, but acquitted of the conspiracy charge. County Court subsequently sentenced him to concurrent prison terms of 25 years to life on the murder count and 15 years with five years of postrelease supervision on the weapon count. Defendant appeals.

Initially, we find no error in County Court's failure to separately instruct the jury that its decision to accept or reject defendant's defense of duress had to be unanimous. County Court properly instructed the jury as to the necessity of a unanimous verdict in deciding defendant's guilt on each charge as itemized on the jury verdict sheet. Similarly, because County Court instructed the jury that it must consider the duress defense before answering the question of guilt or innocence on each charge, it was not error to omit a separate item on the verdict sheet for the jury's decision regarding the defense of

duress. Nor did County Court err in failing to instruct the jury that the testimony of one of the gang member witnesses to the victim's execution must be considered in light of a benefit conferred upon him by the prosecution. The record does not establish that the assistance provided to the witness by the prosecutor's office in finding a new place to live was truly a benefit rather than simply necessary to protect him from retribution.

We do find merit, however, in defendant's argument that County Court's refusal to grant an adjournment of the trial deprived him of his right to present a potential defense. The decision to grant or deny an adjournment ordinarily lies within the sound discretion of the trial court (*see People v Spears*, 64 NY2d 698, 699-700 [1984]; *People v McNear*, 265 AD2d 810, 810-811 [1999], *lv denied* 94 NY2d 864 [1999]). This discretionary power, however, is more narrowly construed where a defendant's fundamental rights are implicated (*see People v Spears, supra* at 700; *People v Matthews*, 148 AD2d 272, 276 [1989], *lv denied* 74 NY2d 950 [1989]; *People v Danaher*, 115 AD2d 905, 906-907 [1985]). Thus, where the request for adjournment is made before trial, prejudice resulting from the delay is minimal and denial will deprive the defendant of the constitutional right to present a potential defense, it is an abuse of the court's discretion to deny the adjournment (*see People v Matthews, supra* at 276).

We find that County Court abused its discretion here because it inexplicably advanced the trial date by nearly three weeks, even though previously authorized examinations were not completed, and then denied an adjournment based on the absence of the very psychiatric evidence that those examinations might have produced. Additional factors militating in favor of an adjournment were the relatively short time—less than three months—between defendant's arraignment and his motion for an adjournment, the fact that the People did not oppose the motion or claim prejudice, and the apparent absence of any good reason why the trial date had to be advanced, rather than pushed back, once County Court decided that severance was required.

Further, County Court did not deny the motion due to defendant's lack of excuse or failure to exercise due diligence with regard to the incomplete psychological and neurological examinations. Instead, the court observed that to pursue a defense based on psychiatric evidence, defendant would have to apply for permission to file and serve a late notice of his intent to do so. Despite recognizing its discretion to grant such an ap-

plication, County Court effectively ruled in advance that permission would be denied because defendant offered no evidence supporting such a defense. As a result, County Court shifted defendant's burden of proof from what is usually required to obtain an adjournment to what would be required to file a late notice of an insanity defense. Although it would not have been unreasonable to require some evidence that the pending examinations could yield support for such a defense, the court erred in not notifying defendant that it was requiring such evidence and not granting him a reasonable opportunity to obtain and present it. Accordingly, we find that County Court erred in refusing to allow the defense a reasonable period of time to complete the psychological evaluation thereby violating defendant's right to prepare and present a possible defense.

Because it is unknown whether defendant would have been successful in obtaining favorable psychiatric evidence, the necessity of a new trial cannot yet be determined. Therefore, we will withhold decision on this appeal and remit the matter to County Court to direct defense counsel to identify a neurologist willing to evaluate defendant within 30 days of this Court's order (*see generally People v Bey*, 144 AD2d 972 [1988]; *People v Mulholland*, 129 AD2d 857 [1987]). If such examination can be procured, Altschuler will then have 30 days to review the ensuing report and complete his own assessment. If defendant is unable to find a neurologist or Altschuler is unable to provide favorable psychiatric evidence, defendant would have suffered no prejudice (*see People v Miller*, 239 AD2d 888 [1997] [Callahan, J., dissenting]). If Altschuler, upon completion of his assessment, provides favorable psychiatric evidence to support a potential defense, defendant would be entitled to a new trial. In either event, the case shall then return to this Court for final determination.

As a final matter, we briefly address defendant's argument that County Court improperly permitted inadmissible hearsay by permitting the first of two statements by gang member Issac Torres through the testimony of a police investigator. The People now concede that the coconspirator exception to the hearsay rule, upon which County Court relied, does not apply because Torres's statement that "[defendant] told me what they had planned for [the victim]" was not made "during the course [of] and in furtherance of the conspiracy" (*People v Tran*, 80 NY2d 170, 179 [1992]). While this error standing alone will not rise to reversible error, we identify it so that it can be avoided upon the potential retrial.

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur.

Ordered that decision is withheld, and matter remitted to the County Court of Greene County for further proceedings not inconsistent with this Court's decision.