■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC HASENFLUE, Appellant. [806 NYS2d 766]—

Mugglin, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 13, 2003, upon a verdict convicting defendant of the crimes of attempted aggravated assault upon a police officer, reckless endangerment in the first degree and aggravated harassment in the second degree.

On September 25, 2002, defendant was arraigned in the Town Court of the Town of Ulster on a charge of aggravated harassment in the second degree. As a result of the court's inability to determine whether defendant understood the proceedings, the Town Court ordered a competency examination (*see* CPL art 730). Shortly thereafter, the chief psychologist of the Ulster County Mental Health Department advised the Town Court that a competency examination could not be conducted because defendant refused to participate. On October 17, 2002, defendant was arraigned upon an indictment charging him with,

among other things, attempted aggravated assault upon a police officer, a class C violent felony offense. Following a jury trial in which defendant was allowed to represent himself, with stand-by counsel, defendant was convicted of three counts of the four-count indictment and subsequently sentenced as a second felony offender to an aggregate prison term of 10 years. Defendant now appeals.

Once the procedure mandated by CPL article 730 is set in motion, "defendant [is] entitled to a full and impartial determination of his mental capacity" (*People v Armlin*, 37 NY2d 167, 172 [1975]). Here, as conceded by the People, the competency examination mandated by CPL article 730 was not completed. The fact that the original order for a CPL article 730 examination was made in local criminal court does not relieve County Court of its obligation to complete the competency examination once it obtained jurisdiction (*see People v Decker*, 134 AD2d 726, 728 [1987]; *People v Mulholland*, 129 AD2d 857, 858-859 [1987]) and, because it did not, defendant was deprived of his right to a full and fair determination of his mental capacity to stand trial (*see People v Armlin, supra*). Further, as strict compliance with the statute is required (*see People v Mulholland, supra* at 859), neither may the searching inquiry conducted by County Court of defendant with respect to his desire to represent himself nor defendant's performance throughout the remainder of the proceedings be substituted for or excuse the failure to comply with the provisions of CPL article 730. Nevertheless, since the requirements of CPL article 730 may be satisfied by a reconstruction hearing (*see People v Hudson*, 19 NY2d 137 [1967], *cert denied* 398 US 944 [1970]; *People v Rodriguez*, 6 AD3d 814, 817 [2004]), we withhold decision on this appeal and remit the matter to County Court to conduct the required competency examination of defendant.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.