■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RODRIGUEZ, Appellant. [817 NYS2d 404]—

Rose, J. Appeal from an order of the County Court of Greene County (Pulver, Jr., J.), entered May 31, 2005, which, inter alia, granted the People's motion to reinstate defendant's convictions of the crimes of murder in the second degree and criminal possession of a weapon in the second degree.

After a jury trial, defendant appealed his convictions, arguing that County Court's refusal to adjourn the trial had deprived him of his right to present the potential defense of mental dis-

ease or defect. This Court concluded that County Court had erred in denying defendant a reasonable period of time to explore the availability of the defense (6 AD3d 814, 816-817 [2004]). We withheld decision on his appeal and remitted the matter for a psychological evaluation (*id.*). Upon remittal, a psychologist determined that defendant may not have appreciated the nature and consequences of his actions. We then reversed his convictions and ordered a new trial (10 AD3d 737, 738 [2004]). Thereafter, County Court sought to schedule the matter for trial. After several delays that were attributable to the assigned defense counsel, County Court removed him and, over defendant's objections, assigned new counsel. Ultimately, after consulting with both his former and new counsel, defendant unequivocally decided not to present the defense of mental disease or defect at the new trial. Citing this decision, the People moved for reinstatement of defendant's convictions. After a hearing, County Court found that since the purpose of the new trial was to permit presentation of the psychological defense and defendant had elected not to do so, no new trial was required. The court then reinstated defendant's convictions, prompting this appeal.

Inasmuch as we did not expressly condition our reversal of defendant's convictions and remittal for a new trial upon his presentation of a psychological defense, County Court lacked the power to ignore the remittitur and reinstate the convictions (*see* CPL 470.45; *Matter of Trager v Kampe*, 16 AD3d 426, 427-428 [2005]). The proper procedure would have been for the People to move for reconsideration in this Court (*see People v Burdash*, 102 AD2d 948, 949 [1984]). Nevertheless, in view of the record now before us, we will treat the People's motion to County Court for reinstatement of the convictions as an application for reconsideration of our prior order. In light of defendant's decision not to present a psychological defense, said motion is granted and, upon reconsideration, we agree that our remittal was implicitly conditioned upon presentation of a defense that has now been unequivocally abandoned. Accordingly, we will vacate our prior order and affirm defendant's convictions. As there will be no new trial, this determination renders moot defendant's further contention that County Court abused its discretion in replacing his trial counsel (*see People v Wolfe*, 288 AD2d 500, 501 [2001]).

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the People's motion for reconsideration is granted, the memorandum and order of this Court dated and entered September 16, 2004 is vacated, and the judgment rendered

March 5, 2002, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree, is affirmed. Ordered that the appeal from the order entered May 31, 2005 is dismissed, as moot.