■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC HASENFLUE, Appellant. [851 NYS2d 674]—

Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 13, 2003, upon a verdict convicting defendant of the crimes of attempted aggravated assault upon a police officer, reckless endangerment in the first degree and aggravated harassment in the second degree.

In March 2003, defendant was convicted, following a jury trial at which he represented himself with stand-by counsel, of attempted aggravated assault on a police officer, reckless endangerment in the first degree and aggravated harassment in the second degree. Sentenced as a second felony offender to an aggregate prison term of 10 years, defendant appealed. Previously, we found that County Court had erred in proceeding to trial without completing a CPL article 730 exam which had been ordered in September 2002 by the Town Court of the Town of Ulster at defendant's arraignment (24 AD3d 1017, 1017-1018 [2005]). Two psychologists had attempted to examine him in jail pursuant to the Town Court order, prior to his trial, but defendant had refused to participate and no evaluations were conducted or competency determination made. As a result, we held that defendant had been "deprived of his right to a full and fair determination of his mental capacity to stand trial" (id. at 1018), but concluded that this issue "may be satisfied by a reconstruction hearing" (id.).

On remittal, County Court (Jacon, J.) conducted an extensive reconstruction hearing in May 2007 at which defendant's trial counsel, the prosecuting Assistant District Attorney and the County Judge who tried the case testified. Two psychologists, Claude Schleuderer and Christine Rackley, both employed by the Ulster County Mental Health Department, testified although neither had ever conducted a psychiatric examination of defendant.[1] The psychologists both opined that defendant was competent to stand trial in 2003, based upon their review of defendant's mental health records dating back to the 1980s, all of the proceedings leading up to and including defendant's 2003 trial and sentence, and the District Attorney's case file. Their

---

1. Schleuderer was one of the psychologists who had attempted to examine defendant in advance of trial.

review also encompassed reports made in 1995 and 2001 after CPL article 730 psychiatric examinations of defendant in prior, unrelated proceedings. County Court thereafter issued a thorough decision finding that the People had established defendant's competency to stand trial by a fair preponderance of the evidence (*see People v Mendez*, 1 NY3d 15, 19 [2003]).

Upon our review of every aspect of this proceeding, we are constrained to conclude that, despite the best efforts of all of the witnesses and County Court at the 2007 reconstruction hearing, it was not possible to reconstruct defendant's competency to stand trial on these charges in 2003 and, thus, defendant's convictions must be vacated (*see People v Peterson*, 40 NY2d 1014 [1976]; *People v Hudson*, 19 NY2d 137 [1967], *cert denied* 398 US 944 [1970]; *People v Hussari*, 17 AD3d 483, 483 [2005]; *People v Cartagena*, 92 AD2d 901, 902 [1983]). Foremost, neither of the psychologists who testified at the hearing had ever examined defendant and were left "to testify solely from information contained in the printed record[s]" (*Pate v Robinson*, 383 US 375, 387 [1966]; *see People v Peterson*, 40 NY2d at 1016). Given the lack of *any*[2] contemporaneous psychiatric examinations/evaluations of defendant's competence at the time of trial,[3] reconstruction of his mental capacity nunc pro tunc was, unfortunately, not possible (*see Pate v Robinson*, 383 US at 387; *People v Peterson, supra*; *People v Hussari*, 17 AD3d at 483-484; *cf. People v Armlin*, 37 NY2d 167 [1975] [one contemporaneous psychiatric exam]; *People v Gonzalez*, 20 NY2d 289 [1967], *cert denied* 390 US 971 [1968] [multiple psychiatric exams]; *People v Hudson*, 19 NY2d at 140 [multiple psychiatric exams]; *People v Duggins*, 137 AD2d 613, 613-614 [1988] [one exam]; *People v Pena*, 251 AD2d 26 [1998], *lv denied* 92 NY2d 929 [1998] [CPL article 730 hearing after verdict, before sentence, relied on evaluations done before trial]; *People v*

**2.** Notably, it is not entirely clear whether all of the strict procedures of CPL article 730—which apply to prospective CPL article 730 competency proceedings—also apply to reconstruction hearings, i.e., retrospective competency determinations (*see People v Pena*, 251 AD2d 26, 29 [1998], *lv denied* 92 NY2d 929 [1998]). For example, in numerous instances, courts have ordered reconstruction hearings despite the apparent availability of only one contemporaneous examination of the defendant (*see e.g. People v Armlin*, 37 NY2d 167 [1975]), whereas two or more such examinations are required in all CPL article 730 hearings (*see* CPL 730.20 [1]). However, given the absence here of *any* contemporaneous examinations of defendant (*see People v Peterson, supra*), we need not decide the issue.

**3.** We find that the prior CPL article 730 psychiatric exams of defendant in 1995 and 2001, which the experts here relied upon, were too distant in time to establish his competence at the 2003 trial. Notably, those examining psychologists did not testify at the reconstruction hearing.

*Graham*, 127 AD2d 443, 446 [1987] [one psychiatric exam and apparently one in unrelated matter]; *People v Mulholland*, 129 AD2d 857, 858 [1987] [one psychiatric exam and inpatient care]; *People v Vallelunga*, 101 AD2d 603, 604 [1984] [one psychiatric exam]).

In the absence of any psychiatric exam of defendant at the time of his trial, "the safeguards of a concurrent determination [of competency]" (*People v Hudson*, 19 NY2d at 140) were not preserved (*see Pate v Robinson*, 383 US at 387). While relevant to the ultimate issue of defendant's competency at the time of trial, neither defendant's observed demeanor at trial nor his self representation was sufficient to establish his competence at trial (*see Pate v Robinson*, 383 US at 386; *People v Armlin*, 37 NY2d at 172; *People v Gonzalez*, 20 NY2d at 293-294 [pro se trial]). Thus, defendant's convictions are vacated and a new trial ordered, subject to County Court's discretion or the decision of either party to raise the issue of defendant's competence for retrial (*see* CPL 730.30). If the trial court determines that a psychiatric inquiry is indicated, the dictates of CPL article 730 must be strictly abided, including the requirement of two or more qualified psychiatric examinations pursuant to CPL 730.20 (*see People v Armlin*, 37 NY2d at 172).

Cardona, P.J., Mercure and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Ulster County for a new trial.