■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH T. ARMSTRONG, Appellant. [853 NYS2d 219]—

Lathinen, J.

Defendant was arrested and charged with driving while intoxicated as a felony and violating the terms of his probation. During the subsequent proceedings, County Court ordered—upon request of defense counsel and with the consent of the People—that defendant undergo a competency examination (*see* CPL art 730). Following the completion of one psychiatric examination in which defendant was found competent, defendant entered into a deal whereby he admitted that he violated his probation, pleaded guilty to the crime of driving while intoxicated as a felony and was sentenced to concurrent terms of imprisonment of 1 to 3 years. Defendant now appeals.

Defendant initially argues that it was error not to have him examined by two psychiatric examiners as required by the relevant statute (*see* CPL 730.20 [1]). It is well established that a defendant is presumed competent, a court is under no obligation to order a competency examination absent reasonable cause to believe a defendant may be an incapacitated person, and the decision whether to order such an examination rests within the court's discretion (*see People v Morgan*, 87 NY2d 878, 879-880 [1995]; *People v Williams*, 35 AD3d 1273, 1274 [2006], *lv denied* 8 NY3d 928 [2007]). However, once a court directs a competency examination, the two-examination requirement must be fulfilled and an intervening plea does not provide a ground to waive that requirement (*see People v Armlin*, 37 NY2d 167, 171-172 [1975]; *People v Mulholland*, 129 AD2d 857, 858 [1987]). In some situations where the two-examination requirement is not satisfied but one contemporaneous examination occurred, a reconstruction hearing as to defendant's mental capacity has been found to be feasible (*see People v Armlin*, 37 NY2d at 172-173; *People v*

*Mulholland*, 129 AD2d at 858; *People v Graham*, 127 AD2d 443, 445-446 [1987]; *but cf. People v Hasenflue*, 48 AD3d 888 [2008] [holding that where no contemporaneous psychiatric examination or evaluation has been conducted reconstruction is not possible and thus reversal required]). In this case, however, the report of the one examination that was conducted is cursory and wholly conclusory, and the record fails to otherwise reveal that a meaningful reconstruction hearing could be conducted (*cf. People v Mulholland*, 129 AD2d at 859). Reversal is thus required.

The remaining arguments are academic.

Cardona, P.J., Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the judgments are reversed, on the law, plea vacated and matter remitted to the County Court of Essex County for further proceedings not inconsistent with this Court's decision.