■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO GALEA, Appellant. [863 NYS2d 695]—

Appeal by the defendant from a judgment of the County

Court, Nassau County (DeRiggi, J., at plea; Brown, J., at sentence), rendered February 9, 2006, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea of guilty is vacated, and the matter is remitted to the County Court, Nassau County, for further proceedings in accordance herewith.

"[T]he conviction of an accused person while he [or she] is legally incompetent violates due process" (*Pate v Robinson*, 383 US 375, 378 [1966]). "[A] defendant is presumed competent (*see People v Gelikkaya*, 84 NY2d 456, 459), and this presumption cannot be rebutted by a mere showing that the defendant has a history of mental illness" (*People v Hansen*, 269 AD2d 467 [2000]; *see People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]). However, pursuant to the Criminal Procedure Law, the court "must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]; *see People v Tortorici*, 92 NY2d at 765; *People v Morgan*, 87 NY2d 878, 880 [1995]; *People v Armlin*, 37 NY2d 167, 169 [1975]; *People v Hansen*, 269 AD2d at 467; *People v Picozzi*, 106 AD2d 413 [1984]; *see also Pate v Robinson*, 383 US at 387).

In this case, the defendant, who had a long history of serious mental illness and numerous, prolonged hospitalizations for psychiatric treatment, including one on the day of the instant offense, pleaded guilty to robbery in the first degree. At the plea proceeding, the court learned that the defendant was on a course of four separate psychiatric medications, including at least one antipsychotic medication. Defense counsel further advised the court that the defendant had spent a "considerable amount of time" in a psychiatric hospital during his incarceration pending trial. Indeed, the plea proceeding had been adjourned three times in the prior month due to the defendant's hospitalization. Under these circumstances, which presented more than a mere history of mental illness, the court had "reasonable grounds to question the defendant's competency," and it should have "order[ed] an examination, even if none [was] requested" (*People v Galandreo*, 293 AD2d 756, 756 [2002]; *see* CPL 730.30 [1]; *People v Bangert*, 22 NY2d 799, 800 [1968]; *People v Boundy*, 10 NY2d 518, 520-521 [1962]; *cf. People v Gomez*, 256 AD2d 356 [1998]; *People v Johnston*, 186 AD2d 680, 681 [1992]), despite defense counsel's vague assessment that the defendant was "doing much better" after his recent hospitalization (*see People v Bangert*, 22 NY2d at 800).

Three months after the defendant pleaded guilty, a CPL 730.30 examination was requested by new defense counsel and ordered by the court. The examining psychiatrist and psychologist determined that the defendant was "severely impaired" and unfit to proceed further. The court granted the defendant's subsequent motion to vacate his plea of guilty on the ground of incompetency to the extent of ordering a hearing to reconstruct the defendant's capacity at the time of the plea proceeding. After hearing the evidence presented, the court determined that the defendant's assertion that he lacked the capacity to enter the plea of guilty was "unsubstantiated," and denied the motion.

A defendant is entitled to a "concurrent determination" as to his or her capacity, and the United States Supreme Court has acknowledged "the difficulty of retrospectively determining an accused's competence" (*Pate v Robinson*, 383 US at 387; *see People v Peterson*, 40 NY2d 1014, 1015 [1976]). Nonetheless, a reconstruction competency hearing is constitutionally permissible where contemporaneous medical evidence, affording "a plenary inquiry into [the] defendant's competency" during the relevant proceeding, is available (*People v Hudson*, 19 NY2d 137, 140 [1967], *cert denied* 398 US 944 [1970]; *see People v Arnold*, 113 AD2d 101, 107 [1985]; *People v McGill*, 36 AD2d 827, 828 [1971]). At such a hearing, the People bear the burden of proving the defendant's capacity by a preponderance of the evidence (*see People v Mendez*, 1 NY3d 15, 19 [2003]; *People v Christopher*, 65 NY2d 417, 424 [1985]; *People v Hasenflue*, 48 AD3d 888 [2008]). Thus, if it proves impossible to retrospectively determine the defendant's competence, the defendant's conviction and plea of guilty must be vacated (*see People v Hasenflue*, 48 AD3d at 888; *People v Cartagena*, 92 AD2d 901, 902 [1983]).

As the People correctly contend on appeal, the evidence presented at the reconstruction competency hearing was inconclusive. Although the examining psychiatrist and psychologist confirmed that the defendant was incapacitated at the time they examined him, they could not testify as to the defendant's mental state at the time of the plea proceeding. Moreover, the physician who treated the defendant while he was hospitalized during his incarceration could not address the issue of the defendant's competency at the time of the plea proceeding. Thus, because it was not possible in this case to retrospectively determine the defendant's competency at the time he pleaded guilty, the plea of guilty should have been vacated. Accordingly we remit the matter for further proceedings on the indictment, subject to the County Court's discretion or the motion of either

party raising the issue of the defendant's capacity to proceed with the criminal proceedings (*see* CPL art 730; *People v Hasenflue*, 48 AD3d at 888). Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur.