■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD HESTON, Appellant. [899 NYS2d 278]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered September 5, 2007, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The defendant's history of mental illness, and his behavior and comments to the court prior to the commencement of the trial cast serious doubt on his competence, and therefore the Supreme Court erred in denying defense counsel's repeated requests to have the defendant examined pursuant to CPL 730.30 to determine his fitness to proceed (*see People v Peterson*, 40 NY2d 1014, 1015 [1976]). Moreover, in view of the passage of time and the lack of contemporaneous psychiatric reports of the defendant's mental condition at the time of trial, it would be futile to remit the matter for a reconstruction hearing to attempt to determine the defendant's fitness to proceed at that time (*see People v Hussari*, 17 AD3d 483, 483-484 [2005]; *see also People v Hasenflue*, 48 AD3d 888, 890 [2008]). Accordingly, the judgment must be reversed and the matter remitted to the Supreme Court, Queens County for further proceedings on the indictment, subject to the Supreme Court's discretion or the motion of either party raising the issue of the defendant's capacity to proceed with the criminal proceedings (*see* CPL art 730; *People v Hasenflue*, 48 AD3d 888 [2008]; *People v Galea*, 54 AD3d 686, 688-689 [2008]). If the Supreme Court "is of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]) it shall issue an order of examination.

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Fisher, J.P., Florio, Belen and Hall, JJ., concur.